CITY OF CAPE GIRARDEAU,
Respondent,

v.

Emanuel W. GEISER, Jr., Appellant.

No. 41145.

Missouri Court of Appeals,
Eastern District,
Division Three.

December 11, 1979.

William L. Syler, Jr., Cape Girardeau, for appellant.

Robert C. Fick, City Atty., Cape Girardeau, for respondent.

CRIST, Judge.

Violation of City Ordinance prohibiting driving under the influence of intoxicating beverages. Defendant was first convicted by a city court jury and then, on appeal, convicted by a circuit court jury. The circuit court assessed a penalty of a $100.00 fine. We affirm.

Defendant's Point Relied On I is deficient in that it does not state wherein and why the standards promulgated by the Missouri Division of Health were not followed. Such point is as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING

THE RESULTS OF A˙ BREATHALYZER EXAMINATION INTO EVIDENCE AGAINST THE DEFENDANT–APPELLANT WHERE IT HAD NOT BEEN SUFFICIENTLY SHOWN BY THE CITY–RESPONDENT THAT SUCH EXAMINATION WAS GIVEN PURSUANT TO THE STANDARDS PROMULGATED BY THE MISSOURI DIVISION OF HEALTH FOR THE OPERATION OF A BREATHALYZER MACHINE OR THAT THE OPERATOR OF SUCH MACHINE WAS FAMILIAR WITH THOSE STANDARDS AND GAVE THE EXAMINATION IN ACCORDANCE THEREWITH."

 We are not required to resort to the argument portion of the brief to find out what standard was violated or how any lack of knowledge of the operator violated such standards. *State v. Crowell*, 560 S.W.2d 889, 890 (Mo.App.1978); *State v. Hendel*, 468 S.W.2d 664, 666 (Mo.App.1971). However, ex gratia, we did look to the argument portion of defendant's brief. This venture was of little help. We might add the operator had a type III permit from the Division of Health. He followed the steps shown on the breathalyzer operational check list. *Accord, State v. English*, 575 S.W.2d 761, 764 (Mo.App.1978); *State v. Barker*, 490 S.W.2d 263, 271–72 (Mo.App. 1973). We hold that defendant failed to preserve Point Relied On I. In any event, we find no error in the admission into evidence of the breathalyzer examination results.

Defendant next complains that the malfunction of the breathalyzer machine two days after the examination warrants reversal. Defendant cites *State v. Deimeke*, 500 S.W.2d 257, 259 (Mo.App.1973).

 Two days after the defendant took the breathalyzer test, a monthly check was made of the breathalyzer machine. The test showed the delivery time from the sample chamber into the test ampule was approximately 4 seconds too fast. The orifice in the delivery tube was too large. The only effect of a too rapid delivery time would be to produce a lower than actual reading of defendant's blood alcohol content. Accordingly, the inaccuracy favored, and was not prejudicial to, defendant. In any event, defendant did not object to the introduction of the breathalyzer test on this ground, and without an objection, the point was not preserved. *State v. Barker, supra* at 275. Accordingly, we rule this point against defendant.

 Defendant next claims error because the ampule containing the breathalyzer solution was not preserved as evidence for examination by the defendant or for introduction into evidence. Defendant made no objection on this ground during trial. This issue has not been decided by a Missouri Court. For the reason that defendant failed to preserve this issue by objection at trial, we decline to rule on this point. *State v. Barker, supra.*

 Defendant's final point is that the jury was improperly instructed. The information charged defendant with operating a motor vehicle while under the influence of alcohol. The jury instruction charged defendant with the offense of driving while intoxicated. Operating a motor vehicle while under the influence of alcohol is synonymous with driving while intoxicated. *State v. Cox*, 478 S.W.2d 339, 341–42 (Mo. 1972). Accordingly, we find no error as alleged.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.