**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Parker ADAMS,
Defendant-Appellant.**

No. 13870.

Missouri Court of Appeals,
Southern District,
Division Two.

April 23, 1985.

Tony E. Swetnam, Pros. Atty., Cedar County, Stockton, for plaintiff-respondent.

Samuel J. Short, Jr., Stockton, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of driving a motor vehicle while intoxicated. § 577.010, RSMo Supp.1984. As a "prior offender", see § 577.023.1(3), RSMo Supp.1984, he was sentenced to ten days in the county jail. He appeals, presenting three points for consideration.

Defendant's first point is twofold. He contends the trial court erred in allowing on the day of trial the endorsement of Highway Patrol Sergeant Bill Haver as a witness on the information and in allowing him to testify as to the results of a test he conducted on the breathalyzer machine because the results of the test were not disclosed by the state. Haver did not conduct the breathalyzer test on defendant, but had checked the operation of the machine 53 days afterwards. He found and corrected a defect in the machine.

Defendant was charged with the offense on January 1, 1984. On January 12, 1984, he made a request for discovery under Rule 25.03. The state responded the next day. Among the witnesses it listed was "Sgt. Bill Haver—Missouri State Highway Patrol." In response to a portion of the request asking for "Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons", the state responded, "Breathalyzer Operational Check List and Sgt. Haver will testify to testing of breathalyzer machine." The record does not show that defendant made any objection to the state's response or a further request for information. Nor

does it show that there is any written report of the test Haver made. Trial was conducted on June 12, 1984.

Due to the disclosure we do not see how defendant was surprised or suffered any disadvantage by the late endorsement. The general nature of the testimony Haver gave could have been contemplated and defendant had time to investigate his testimony. We find no abuse of the trial court's discretion in allowing the witness. See *State v. Stokes*, 638 S.W.2d 715, 719 (Mo. banc 1982).

■ In addition, we see no prejudice to defendant. It is only through a portion of Haver's testimony that defendant had any basis to contend that the results of the breathalyzer test on him should have been excluded. That testimony is further described in discussing the next point. Absent evidence of a defect, when operated by one certified as competent to use a breathalyzer, and when administered in accordance with the operational regulations promulgated by the Division of Health, a prima facie case for introduction of the test results is made. *State v. Bush*, 595 S.W.2d 386, 389 (Mo.App.1980).

■ In his second point defendant contends that the trial court erred in admitting the breathalyzer operational checklist and testimony given of defendant's blood alcohol concentration reading because the breathalyzer machine was not operating properly when next checked after the test on defendant.

The breathalyzer machine was checked on December 20, 1983 and was operating properly. Defendant was tested on the machine January 1, 1984. It was next checked on February 23, 1984. On that date it was not functioning properly. The piston was not dropping as far as it should and it was not turning on a "red light" that shows that the proper amount of air has gone through the machine.

Sgt. Haver testified that "the piston and the cylinder had to be cleaned and I made those proper corrections and ran three more tests and they all ran okay; the machine was all right after that." He said

**830**

that when the defect corrected occurs the red light will not go on. He testified that if it was not operating properly on January 1 because of this defect, it would show less blood alcohol content than actually existed.

The officer operating the breathalyzer machine when defendant was tested was properly certified to administer it. He stated that he "followed the rules set out by the Board of Health and that I thought the machine was operating properly as far as I knew." That indicates that the red light went on. See 13 Mo.Admin.Code 50–140.-060 (1983). He said that the breathalyzer machine operated normally and there was no indication of any malfunction. The checklist he prepared showed that the red light was functioning.

Defendant relies primarily on *State v. Deimeke*, 500 S.W.2d 257 (Mo.App.1973). There a defect in the breathalyzer machine was shown to be present twenty days after the test on the defendant. Apparently there was no testimony that the defect found would have been noticed during the operation. Here, there was evidence that the defect found would have prevented the red light from going on and there was evidence here that the red light did go on when defendant was tested. This was sufficient to establish that the defect found on February 23 was not present on January 1. The results of the test were properly admitted. See *State v. Bush, supra,* 595 S.W.2d at 389. See also *State v. Shephard,* 639 S.W.2d 258, 260 (Mo.App.1982); *City of Cape Girardeau v. Geiser,* 598 S.W.2d 151 (Mo.App.1979). This point is denied.

In his remaining point defendant contends that there was no substantial evidence to support the jury's finding. The point is premised on the contention that the breathalyzer test result was inadmissible. As we found it admissible, the point must necessarily fail. There was, however, other sufficient evidence from the testimony of the arresting officer to support the jury's finding.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.