**STATE of Missouri, Respondent,**

v.

**Larry A. SCHOLLMEYER, Appellant.**

**No. WD 39125.**

Missouri Court of Appeals, Western District.

Oct. 6, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1987.

Application to Transfer Denied Jan. 20, 1988.

F. Randall Waltz, III, Jefferson City, for appellant.

R.J. Ahsens, III, Asst. Pros. Atty., Jefferson City, for respondent.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

PER CURIAM:

Defendant Larry A. Schollmayer appeals his conviction and sentence for driving while intoxicated. A jury previously found him guilty of that offense in addition to failure to drive on the right half of the roadway. For the driving while intoxicated conviction, the trial court assessed a $300 fine, sentenced defendant to thirty days' confinement in the county jail, but suspended execution of the jail sentence and ordered two years' supervised probation. On

appeal, defendant argues that the trial court erroneously admitted the results of a chemical test for blood alcohol content.

We affirm.

A state trooper saw defendant's car twice cross the centerline. After the trooper stopped defendant, he noted that defendant's eyes were watery and bloodshot, his movements were uncoordinated, and his speech was slurred. Defendant also smelled of intoxicants and had trouble walking, and when he attempted field sobriety tests, he could not perform them. The trooper arrested defendant, transported him to the sheriff's office, and administered a breathalyzer test. Thirty minutes after his arrest, defendant's blood alcohol content registered .22 percent.

In his sole point, defendant argues that the trial court erroneously admitted, over his objection, results of a chemical test showing blood alcohol content. Relying primarily on articles from legal journals, defendant maintains that the results of a single chemical test constitute inherently unreliable evidence of a person's level of intoxication at the time of driving. He urges that a second chemical test be required as a prerequisite for admissibility.

The courts generally accept the breathalyzer machine as a reliable device for the measurement of blood alcohol content. *State v. Bush,* 595 S.W.2d 386, 389 (Mo.App.1980). The prosecutor makes a prima facie case for introducing breathalyzer test results by showing that a certified operator administered the test according to regulations promulgated by the division of health. *State v. Adams,* 689 S.W.2d 828, 829 (Mo.App.1985); *Bush,* 595 S.W.2d at 389. The evidence in the present case met those requirements and properly qualified the test results for admission. The state's evidence established that the operator of the breathalyzer machine possessed a valid permit and administered the test according to a checklist approved by the division of health. Other evidence showed that the machine was functioning properly.

Defendant's suggestion that double testing should be a prerequisite for the admissibility of chemical test results is inconsistent with current Missouri law. Section 577.020.5, R.S.Mo.1986, permits a person being tested to procure, at his own expense, a chemical test in addition to any administered at the direction of a law enforcement officer. However, that person's failure or inability to obtain a second test does not preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

Finding no error in the admission of the breathalyzer test results, we affirm the judgment.