**DOW CHEMICAL COMPANY, INC., Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 74140.

Supreme Court of Missouri, En Banc.

June 2, 1992.

As Modified on Denial of Rehearing June 30, 1992.

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for appellant.

W.H. Bates, William K. Waugh III, Kansas City, for respondent.

CHARLES SHANGLER, Special Judge.

Dow Chemical Company, a Delaware corporation with headquarters in Michigan, operates an international as well as interstate business that includes Missouri. Dow elected to use the three-factor apportionment ratio of the Multistate Tax Compact, § 32.200, art. III, IV, RSMo 1986, to derive its Missouri taxable income. In its Missouri tax returns for years 1975 through 1980, Dow excluded from apportionment certain corporate income, deemed as dividends for purposes of federal income tax return. Dow contended that none of the deemed dividend income was derived from sources within Missouri under § 143.-451.1, and so was subject to neither apportionment nor taxation under our revenue laws.[1]

In *Dow Chemical Co. v. Director of Revenue*, 787 S.W.2d 276 (Mo. banc 1990) [*Dow I*], this Court held that the apportionment

---

1. Our law accords a corporation that does business in more than one state alternatives for the apportionment to Missouri of its business income for purpose of Missouri taxation. One option is the single-factor formula of § 143.-451.2 that rests solely on the sales or business ratio. That method apportions to Missouri for taxation *income derived from sources within this state. See Goldberg v. State Tax Comm'n,* 639 S.W.2d 796, 798 (Mo. banc 1982).

The other option is the three-factor formula of the Multistate Tax Compact that rests apportionment on factors of property, payroll and sales.

That formula rests apportionment on the determination that the multistate corporate taxpayer is a unitary business, a business whose activity outside and within the taxing state is a functional unit. It derives the local tax base not from profits identified from an exact geographical source or specific accounting, but from that portion of the total income of the interstate activity of the corporation that is fairly related to the taxing state. *See Moorman Mfg. Co. v. Bair,* 437 U.S. 267, 273, 98 S.Ct. 2340, 2344, 57 L.Ed.2d 197 (1978); *Dow Chem. Co. v. Director of Revenue,* 787 S.W.2d 276, 282 n. 10 (Mo. banc 1990).

formula of the compact functions on the income of a multistate corporation as a unitary business to derive the local tax base, and not on income from *sources within Missouri* treated as specific geographical transactions, as does the apportionment formula of § 143.451.1. *Id.* at 284. *Dow I* remanded the proceeding to the Administrative Hearing Commission to determine whether the dividends were business or nonbusiness income within the terms of the Multistate Tax Compact. *Id.* at 286. If business income, the Commission was ordered to "apportion under the compact formula the dividends attributable to Missouri and subtract them from the federal taxable income as Section 143.431.2 directs" to arrive at Missouri taxable income. *Id.*

On remand, Dow and the Director agreed, and the Commission found independently, that the deemed dividends were *business income* as defined in the Multistate Tax Compact, and so subject to apportionment to Missouri for purposes of income tax. Dow and the Director did not agree, however, on how *Dow I* should be applied to properly calculate Dow's dividend subtraction under § 143.431.2. Dow contends that the apportioned dividends must be subtracted from apportioned federal taxable income. The Director contends that the apportioned dividends must be subtracted from unapportioned federal taxable income. The method of calculation used by Dow predisposes to a Missouri taxable income less than that derived by the method used by the Director.[2]

The Commission adopted the Dow method of calculation and ordered that the apportioned dividends be subtracted from the apportioned federal taxable income to derive Dow's taxable Missouri income for the years in issue. The Director contends that the order of the Commission misconstrues § 143.431 and misapplies our decision in *Dow I.*

■ This case involves the construction of the revenue laws of this state. Accordingly, this Court has exclusive jurisdiction of the appeal. Mo.Const. art. V, § 3.

Section 143.071, RSMo 1986, imposes a tax upon the Missouri taxable income of corporations. Section 143.431.1 defines *Missouri taxable income* as "so much of its federal taxable income for the taxable year [with specified modifications] as is derived from sources within Missouri as provided in section 143.451." Section 143.-431.2 provides: "There shall be subtracted, to the extent included in federal taxable income, corporate dividends from sources within Missouri."[3] The nub of the issue, as Dow and the Director correctly identify, is how our decision in *Dow I* bears to calculate the subtraction of corporate dividends under § 143.431.2.

Dow and the Director agree that on remand, given a determination that the deemed dividends are business income, *Dow I* directs that they be apportioned to Missouri under the three-factor formula and thereby derive the dividends "attributable to Missouri sources." It is these corporate dividends, as apportioned, that subsection 2 of § 143.431 requires to be subtracted to the extent included in federal taxable income. *Dow I,* 787 S.W.2d at 286. That, also, was the determination of the Commission. To derive Missouri taxable income, the Commission formula then subtracted the apportioned dividends from apportioned federal taxable income. *See* Appendix A, §§ IA and IIA.

*Dow I* advises that the dividends "attributed to Missouri" by the compact apportionment formula be subtracted from the "federal taxable income as Section 143.-431.2 directs." *Dow I,* 787 S.W.2d at 286. The Director argues that the term *federal taxable income* as used in § 143.431 is clear. It has the same meaning given the term by the laws of the United States relating to federal income taxes: "gross income minus deductions allowed by this Chapter." *See* Internal Revenue Code § 63; *Brown Group, Inc. v. Administrative Hearing Comm'n,* 649 S.W.2d 874, 876

---

2. See Appendix A.

3. The text of subsections 1 and 2 of § 143.431, the components of the statute relevant to discussion and opinion, is rendered as Appendix B.

(Mo. banc 1983). "Apportioned federal taxable income," therefore, is not the same as "federal taxable income," and hence the calculation of *Missouri taxable income* as derived by the Commission formula conforms to neither the directive of *Dow I* nor to the plain meaning of § 143.431.2.

 Indeed, § 143.091 provides that "[a]ny term used in sections 143.011 to 143.966 shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by [those provisions]." It is not only the text of a statute that makes the legislative intent known, however, but also the judicial decisions that construe and give effect to the statute. *State v. Crawford*, 478 S.W.2d 314, 317 (Mo.1972). The construction of a statute by a court of last resort becomes a part of the statute " 'as if it had been so amended by the legislature.' " *Cramp v. Board of Public Instruction*, 368 U.S. 278, 285, 82 S.Ct. 275, 280, 7 L.Ed.2d 285 (1961). Accordingly, § 143.431 and its component subsections must be read in terms of *Dow I* as if the text incorporates the judicial gloss of that opinion. *Palcher v. J.C. Nichols Co.*, 783 S.W.2d 166, 169 (Mo.App.1990).

The Director notes that subsection 1 of § 143.431 defines *Missouri taxable income* as "so much of its federal taxable income for the taxable year, with the modifications specified in subsections 2 and 3 of this section, as is derived from sources within Missouri as provided in section 143.451." [4] To that statutory definition text, the Director addends: "or, in this case, as provided by the Multistate Tax Compact." The Director also notes that subsection 2 expressly provides that the "modifications" in subsection 1 [here, the subtraction of corporate dividends] shall be performed on "federal taxable income." Subsection 2, however does not refer to "so much of its federal taxable income for the taxable year ... as is derived from sources within Missouri as provided in section 143.451," as does subsection 1, or to the Multistate Tax Compact, or to apportioned federal taxable

income. It departs from plain language, the Director argues, to read § 143.431.2—as does the Commission—to mean that federal taxable income must be apportioned to Missouri before the subtraction of dividend modification may be made under that subsection.

 Three responses suffice. First, the law of the case in *Dow I* adopts the apportionment principle of the Multistate Tax Compact into § 143.431 as a method to compute the tax imposed by that section. Second, the language of integral § 143.431, accommodated through *Dow I* to the apportionment method of the Multistate Tax Compact, intends that the subtraction of corporate dividends be a calculation other than the alternatives that the Director and Dow propose or the Commission adopts. Third, Constitutional constraints on state taxation of interstate and foreign commerce confine the local tax base to a reasonable share of the total income tax base of the corporation as a unitary business, as computed by a fair apportionment formula. *Dow I* at 280.

In *Dow I*, the immediate issue was whether certain business income of the multistate corporation from extraterritorial payors, that included dividends, was subject to Missouri taxation under the *source of income* test. The proximate, and more fundamental, issue was how the apportionment formula of the Multistate Tax Compact functions to compute a tax imposed under the *source of income* test. *Dow I*, 787 S.W.2d at 280. The quandary was that, under the statutes and developed law, apportionment by *source of income* looks to the geographical situs where the income is produced, whereas apportionment by the compact looks to the income from the unitary business of the multistate enterprise to derive the tax base in Missouri.

 That quandary was heightened by the emergent constitutional doctrine that the income of a multistate corporation may

---

**4.** Section 143.451 is an apportionment statute. *See* footnote 1.

not be taxed unless the corporation is a unitary business, a business whose activity outside the taxing state is functionally integrated with its activity within the taxing state. *Exxon Corp. v. Wisconsin Dep't. of Revenue*, 447 U.S. 207, 223, 100 S.Ct. 2109, 2120, 65 L.Ed.2d 66 (1980); *Dow I*, 787 S.W.2d at 280. As a matter of constitutional principle, the unitary business premise has become the "linchpin" of a valid apportionment formula in state taxation of the income of multistate corporations. *Mobil Oil Corp. v. Commissioner of Taxes*, 445 U.S. 425, 439, 100 S.Ct. 1223, 1232, 63 L.Ed.2d 510 (1980); *Dow I*, 787 S.W.2d at 281. The three-factor formula of the compact apportions income on the premise that the multistate corporation operates as a unitary business—a premise irrelevant to *source of income* taxation. *Dow I*, 787 S.W.2d at 283.

*Dow I* decides that under § 143.431 *Missouri taxable income* derived from interstate "sources" is a computation of an apportionment formula, whether by the single-factor method of § 143.451 or the three-factor method of the Multistate Tax Compact. *Id.* at 284–5, 286 & n. 16. The decision accommodates the literal discordance between the statutory *source of income* text and the unitary business premise of the compact formula.[5] It infuses § 143.-431 with the grounding of principle that validates the compact apportionment formula as a device of constitutional state taxation of interstate activity. *Dow I*, 787 S.W.2d at 283. That construction given by *Dow I* to § 143.431 and Multistate Tax Compact § 32.200 *in pari materia* has become part of those statutes " 'as if [they] had been so amended by the legislature.' " *Cramp v. Board of Public Instruction*, 368 U.S. at 285, 82 S.Ct. at 280.

The argument of the Director acknowledges that, since *Dow I*, the text of subsection 1 of § 143.431 must be read to mean that *Missouri taxable income*—"so much of its federal taxable income as is derived from sources within Missouri"—is a computation of an apportionment formula that includes the three-factor method of the Multistate Tax Compact. He insists, nevertheless, that since there is no mention in subsection 2 of the Multistate Tax Compact or of words of apportionment, "federal taxable income" as used there can only be given its plain meaning. That meaning does not import apportionment, the Director concludes, therefore, the subtraction of apportioned dividends subsection 2 intends is from unapportioned federal taxable income.

■ Dow calculated its Missouri income tax for the years in question under the three-factor formula of compact § 32.200. Apportionment for taxation under that method operates only on the business income of the multistate corporation. Nonbusiness income is allocated to the state of commercial domicile, or as otherwise directed in article IV of the compact, and is not included in the apportionable income tax base of the multistate corporation. *Dow I*, 787 S.W.2d at 286; Multistate Tax Compact § 32.200, art. IV. The terms *federal taxable income* in § 143.431 and *business income* in § 32.200, however, are not commensurable. *Federal taxable income* encompasses business and nonbusiness income. *See* Internal Revenue Code § 63. When the three-factor formula is elected for the apportionment of interstate business income, Multistate Tax Compact § 32.-200 and § 143.431 become *in pari materia*. *Dow I*, 787 S.W.2d at 285–6. The tax base that § 143.431 subjects to apportionment, however, is not expressed in terms of *business income*, as is § 32.200, but in terms of *so much of the federal taxable income of the corporation as is derived from sources within Missouri*.

---

**5.** *Dow I* accommodated the literal discordance between the "derived from sources within Missouri" term of § 143.431 and the "sourceless" income § 32.200 attributed to Missouri from the total business activity of the enterprise for its taxation under the compact apportionment formula. They were treated as "functional equivalents." *Id.* at 286 n. 16.

■■■ We accommodate the literal incongruity of those terms of the two statutes.[6] In the context of § 143.431, for purposes of apportionment under compact § 32.200, the terms *business income* and *business income of federal taxable income* are functional equivalents, as are *apportioned business income* and *so much of the federal taxable income as is derived from sources in Missouri*. More exactly, in the context of an apportionment under compact § 32.200 *in pari materia* with § 143.431, *so much of the federal taxable income as is derived from sources in Missouri* means "so much of the value of the business income of the unitary business activity of the multistate enterprise as can fairly be attributed to the taxpayer's activity in Missouri." *Dow I*, 787 S.W.2d at 280, 283.

■■■ The tax base of the multistate corporation attributed to Missouri for its taxation is then calculated by multiplying the apportionment factor by the business income of federal taxable income of the enterprise. The product of that calculation is equivalent to "so much of its taxable income ... as is derived from sources within Missouri," and so yields the "Missouri taxable income" within § 143.431 and § 32.200 *in pari materia*.

It is from that figure that the "corporate dividends from sources within Missouri," now already apportioned, are subtracted as directed by subsection 2 of § 143.431. It is only then that the intent of that statute is accomplished: "There shall be subtracted, *to the extent included in federal taxable income*, corporate dividends from sources within Missouri." [emphasis added]. It is not a matter of "plain language" of subsection 2 that determines the question as the Director insists, therefore, but of the constitutional concomitant of the unitary business premise that the Multistate Tax Compact introduces into integral § 143.431.

The dispute that the Director and Dow wage over whether under subsection 2 of § 143.431 apportioned corporate dividends are properly subtracted from apportioned rather than unapportioned federal taxable income, therefore, is misdirected. The Commission quite properly concluded that "§ 143.431.2 requires subtraction of apportioned dividends from apportioned income for each of the tax years in question."[7] The Commission nevertheless came to this adjudication: "We conclude that Dow's Missouri taxable income and Missouri corporate income tax liability for the years in question are as set out by the parties in Paragraph 7 of their Supplemental Stipulation of Fact." The Commission then, in words and figures, expressly adopted the

6. The "plain language" canon the Director urges would be altogether apt to derive the meaning the legislature intended for the term *federal taxable income* in § 143.431 in order to give effect to the single-factor apportionment formula of § 143.451. This method of apportionment, which rests on the factor of sales transactions, identifies *source of income* from the geographical situs where the income is produced or earned, and maintains separate geographic accounting records for the transactions. *See* Comment, *State Taxation of Corporate Income: Formulary Apportionment of Income Earned in Interstate Commerce*, 48 Mo.L.Rev. 719, 745–751 (1983); Hellerstein, *State Income Taxation of Multijurisdictional Corporations: Reflections on Mobil, Exxon, and H.R. 5076*, 79 Mich.L.Rev. 113, 116–17 (1980). This method of transactional and geographic accounting, however imprecise and inefficient as an implement of tax policy, nevertheless lends itself to a readily ascertainable calculation of the sum subject to "source of income" taxation under §§ 143.431 and 143.451. *Dow I*, 787 S.W.2d at 281, n. 2.

Moreover, the apportionment formula of single-factor § 143.451 operates on all income "derived from sources within Missouri," and not only on *business income* from a unitary business, as does the apportionment formula of three-factor § 32.200. *See* § 143.451.2.

Accordingly, the "plain meaning" of *federal taxable income*, and hence of *Missouri taxable income*, within the context of § 143.431, is readily derivable from the statutory text. The reasons are evident. The apportionment formula of § 143.451 was designed as an adjunct of the "source of income" system of taxation of the income of corporations. *Dow I*, 787 S.W.2d at 283. The apportionment formula of § 32.200, enacted years later, was not. It interrelates with "source of income" § 143.431 by statutory, as well as, constitutional necessity.

7. It is quite evident from the developed context of the findings, conclusions and summary of the decision, that in that formulation *apportioned income* means *apportioned unitary business income*.

Missouri taxable income and tax balance due [or refund due] for each of the years in question as calculated by Dow. [*See* Appendix A, §§ IA and IIA.] That calculation reads subsection 2 of 143.431 to subtract apportioned corporate dividends from apportioned federal taxable income. The proper calculation subtracts apportioned dividends from apportioned unitary business income. The calculation method adjudicated by the Commission achieves a distorted unitary enterprise tax base, and hence a distorted share of the enterprise income for taxation by Missouri, and a distorted tax assessment to the individual taxpayer.

The remand in *Dow I* not only orders the Commission to "apportion under the compact formula the dividends attributed to Missouri and subtract them from the federal taxable income as Section 143.431.2 directs," but also that the Commission "adjust the apportionment formula in light of this decision." *Id.* at 286. That adjustment now includes Dow's unitary business income as enhanced by the deemed dividends within the apportionable tax base. The fairness of the formula as adjusted is not in issue. It is from that tax base, as apportioned to Missouri, from which the deemed dividends, also as apportioned to Missouri, are subtracted to accomplish the calculation that § 143.431.2 directs.

The decision of the Administrative Hearing Commission is reversed and remanded with directions to calculate and enter the Missouri taxable income and balance of corporate tax due or refund due for years 1975, 1976, 1977, 1978, 1979 and 1980 in accordance with this opinion.

ROBERTSON, C.J., COVINGTON, HOLSTEIN and THOMAS, JJ., RENDLEN, Senior Judge, and CRANE, Special Judge, concur.

BENTON, J., not sitting.

PRICE, J., not sitting because not a member of the Court when case was submitted.

## APPENDIX A

Dow and the Director of Revenue stipulated to the Commission their separate understanding of the calculations *Dow I* requires to derive the dividend subtraction in § 143.431.

**I A.** Dow interprets *Dow I* to require these computations:

(a) calculate the apportionment factor under the Multistate Tax Compact three-factor formula

(b) multiply the federal taxable income by the apportionment factor, yielding Missouri source federal income

(c) multiply gross business dividends by the apportionment factor, yielding Missouri source dividends, and

(d) subtract Missouri source dividends from Missouri source federal income, yielding Missouri taxable income (subject to all other appropriate modifications and adjustments).

**I B.** The Director interprets *Dow I* to require these computations:

(a) calculate the apportionment factor under the Multistate Tax Compact three-factor formula

(b) multiply gross business dividends by the apportionment factor, yielding Missouri source dividends

(c) subtract Missouri source dividends from gross federal taxable income, and

(d) multiply the figure arrived at in (c) by the Missouri income percentage, as calculated on Form MS, yielding Missouri taxable income (subject to all other appropriate modifications and adjustments).

Dow and the Director stipulated to the Commission also as to the Dow taxable income and tax balances due for years 1975 through 1980 that result from their disparate methods of calculation.

**II A.** The results from Dow's method of calculation:

| Year | Missouri Taxable Income | Balance Due (Refund) |
|------|------------------------|----------------------|
| 1975 | $2,132,974 | $12,783 |
| 1976 | 2,434,643 | ( 8,828) |
| 1977 | 1,673,164 | ( 10,591) |
| 1978 | 1,779,590 | ( 6,630) |
| 1979 | 1,593,244 | 5,060 |
| 1980 | 565,052 | 2,869 |

**II B.** The results from the Director's method of calculation:

| Year | Missouri Taxable Income | Balance Due |
|------|------------------------|-------------|
| 1975 | $3,648,301 | $88,550 |
| 1976 | 3,849,830 | 61,930 |
| 1977 | 3,658,220 | 88,661 |
| 1978 | 3,820,832 | 95,432 |
| 1979 | 4,179,700 | 134,383 |
| 1980 | 3,090,769 | 129,155 |

## APPENDIX B
### CORPORATIONS

**143.431 Missouri taxable income and tax**

1. The Missouri taxable income of a corporation taxable under sections 143.011 to 143.996 shall be so much of its federal taxable income for the taxable year, with the modifications specified in subsections 2 and 3 of this section, as is derived from sources within Missouri as provided in section 143.451. The tax of a corporation shall be computed on its Missouri taxable income at the rates provided in section 143.071.

2. There shall be added to or subtracted from federal taxable income, the modifications to adjusted gross income provided in section 143.121 and the applicable modifications to itemized deductions provided in section 143.141. There shall be subtracted the federal income tax deduction provided in section 143.171. There shall be subtracted, to the extent included in federal taxable income, corporate dividends from sources within Missouri.