**STATE ex rel. DIRECTOR OF REVENUE, State of Missouri, Relator,**

v.

**Honorable James F. McHENRY, Judge, Circuit Court, Cole County, Respondent.**

No. 75764.

Supreme Court of Missouri, En Banc.

Sept. 28, 1993.

---

1. There is no contest over the two vehicles that    are actually based in Ste. Genevieve County.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Elaine Jones, Mark A. Richardson, Jefferson City, for respondent.

PRICE, Judge.

This is an original proceeding in prohibition arising from an order entered by the Circuit Court of Cole County (Circuit Court) staying the suspension of Bobby Newman George's (George) driving privileges. We hold that § 302.525.2(1) precludes issuance of restricted driving privileges until after the driver has completed the first thirty days of suspension and that the Circuit Court exceeded its jurisdiction in entering the stay. Our preliminary order is made absolute.

George was arrested on October 4, 1992, for driving while intoxicated. A breath test indicated that George's blood alcohol level exceeded 0.10%. George was notified that his driver's license was to be suspended for thirty days followed by a period of sixty days limited driving privileges. For the five-year period prior to his arrest, George's record indicates no alcohol-related enforcement contact.

George requested an administrative review of the suspension, which stays the effective date of any suspension until a final order is issued following a hearing. A hearing was scheduled for November 20, 1992. On November 6, 1992, George filed this action in the Circuit Court seeking an injunction ordering the Director of the Department of Revenue (Director) to issue George a restricted driving privilege in the event it sustained the suspension of his license and a declaratory judgment that the thirty-day mandatory suspension provided for in § 302.-525.2(1) is null and void because it conflicts with § 302.535.

On November 6, 1992, the Circuit Court entered a show cause order to the Director setting the matter for hearing on November 16, 1992. On November 23, 1992, the court entered its order granting a stay to George, before any decision was issued in the administrative review. On March 29, 1993, the Director filed this petition for a writ of prohibition. On April 20, 1993, we issued our preliminary order.

The Director raises a number of procedural arguments challenging the jurisdiction of the Circuit Court to issue the stay. The Director also challenges the substantive jurisdiction of the court to stay the mandatory thirty-day suspension provided by § 302.525.-2(1). Because we agree that the court had no jurisdiction to allow restricted driving privileges to be issued to George until he had completed the first thirty days of suspension, we do not consider the other issues raised.

Sections 302.500–302.541 provide the statutory framework for the administrative suspension and revocation of drivers' licenses in cases where drivers are believed to be under the influence of alcohol. Generally, § 302.-525 provides that a driver with no alcohol-related enforcement contacts within the previous five-year period shall have his or her license suspended for thirty days, followed by a sixty-day period of restricted driving privilege. If within the five preceding years the driver has had prior alcohol-related enforcement contact, his or her license is revoked for a period of one year.

Section 302.535—enacted in 1983 and reenacted in 1984—provides that any person aggrieved by this process may file a petition for a trial de novo in the circuit court. While the trial de novo does not automatically stay the suspension or revocation of the driver's license, the statute provides that a restricted driving privilege shall be issued so long as the driver had no alcohol-related enforcement within the previous five-year period.

■ Section 302.525.2(1) was amended, effective July 1, 1992, to add the following sentence:

> ... In no case shall restricted driving privileges be issued pursuant to this section or section 302.535 until the person has completed the first thirty days of a suspension under this section.

George contends that this amendment is in conflict with § 302.535. He argues that he is entitled to a restricted driving privilege pending his action for declaratory judgment regarding the proper interpretation of these statutes.

George's argument fails, however, because the amendment to § 302.525 is not in conflict with § 302.535, but by its clear terms limits it. The legislature has clearly expressed its intention that all persons found in a final order to fail the blood alcohol test be suspended from driving for thirty days whether or not they pursue a trial de novo in the circuit court pursuant to § 302.535. As a matter of law, the circuit court has no jurisdiction to order otherwise.

■ George argues that because the Director has the legal remedy of appeal, prohibition should not issue. Because we are dealing with a grant of injunctive relief by the circuit court, a writ is appropriate. *Lewis County C–I School District v. Normile*, 431 S.W.2d 118 (Mo.1968).

Our preliminary order in prohibition is made absolute. The circuit court is prohibited from taking any further action in the underlying case except that it shall enter an order setting aside the stay entered on November 23, 1992.

All concur.