**STATE ex rel., DIRECTOR OF REVENUE, State of Missouri, Relator,**

v.

**The Honorable Jeff W. SCHAEPERKOET-TER, Judge of the Circuit Court of Franklin County, Missouri, 20th Judicial Circuit, Respondent.**

No. 65049.

Missouri Court of Appeals, Eastern District, Writ Division Five.

March 15, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Kurt A. Voss, Robert A. Zick & Associates, Washington, for respondent.

KAROHL, Presiding Judge.

We issued a provisional writ in prohibition to prevent respondent circuit judge (Respondent) from requiring relator, Director of Revenue, (Director) to show cause why she should not be held in contempt for refusing to honor a preliminary order in mandamus. Respondent entered the order in the case of Charles G. Caltry, Relator v. Janette Lohman, Director of the Missouri Department of Revenue, Cause No. CV193–489CC filed in Franklin County, Missouri. We now find and hold as a matter of law that Director could not be held in contempt for refusing to honor the preliminary order entered on April 20, 1993 in the proceeding brought by Charles G. Caltry as a driver's licensee under § 302.535 RSMo 1986. On undisputed facts a contempt hearing would be prohibited. *State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 500 (Mo.App.1985). The preliminary writ is made permanent.

Respondent granted the underlying ex parte order in mandamus in a trial de novo

proceeding. It ordered Director to file responsive pleadings by May 18, 1993 and added the following:

> You are ordered to issue restricted driving privileges immediately to relator Charles G. Caltry for the limited purpose of driving in connection with relator's occupation pending the disposition of the Trial De Novo in this case.

Director refused to follow the order because of the limitation on the grant of restricted driving privileges contained in § 302.525.2(1) RSMo Cum.Supp.1993, effective July 1, 1992. The relevant part of that section provides "In no case shall restricted driving privileges be issued pursuant to this section or section 302.535 until the person has completed the first thirty days of a suspension under this section."

After Respondent entered the order on April 20, 1993, but prior to the motion for contempt filed on November 19, 1993, the Missouri Supreme Court decided *State ex rel. Director of Revenue v. McHenry*, 861 S.W.2d 562 (Mo. banc 1993). The court granted prohibition and held that respondent circuit judge did not have jurisdiction to stay the mandatory thirty day suspension provided by § 302.525.2(1). It held "§ 302.525.2(1) precludes issuance of restricted driving privileges until after the driver has completed the first thirty days of suspension and that the Circuit Court exceeded its jurisdiction in entering the stay." *Id.* at 563. It decided § 302.525 did not conflict with the provisions of § 302.535 but merely created a limitation. *Id.* at 564.

The contest in *McHenry* occurred because of the apparent conflict between §§ 302.535 and 302.525. The court resolved the conflict without considering any constitutional, procedural due process attack on § 302.525.2(1) RSMo Cum.Supp.1993. In the present case Respondent contends that that section is unconstitutional because: (1) a driver's license may not be taken without honoring Fourteenth Amendment due process requirements, *Jarvis v. Director of Revenue,* 804 S.W.2d 22, 24 (Mo.1991); (2) judicial review by trial de novo in the circuit court affords the safeguard necessary to ensure due process, *Dove v. Director of Revenue,* 704

S.W.2d 713, 715 (Mo.App.1986); but, (3) suspension before the de novo hearing removes and denies the procedural safeguard. He contends that because the director has a thirty day period in which to file responsive pleadings in a de novo case, the immediate thirty day suspension will be fully served before the pleadings are filed. Respondent concludes that a favorable decision for the licensee at the de novo hearing could not undo the thirty day loss of privileges. Hence, Respondent concludes, § 302.525.2(1) creates irremedial loss before a trial de novo can be held. Accordingly, he concludes that the limitation is unconstitutional.

*McHenry* recognizes the validity of § 302.525.2(1) when read together with § 302.535. The court did not decide the constitutional question. The effect of the decision, however, was to support the plain language of the statute which is binding upon Director. The only basis for jurisdiction to order a stay or to order a restrictive driving permit must come *after* a decision the statute is unconstitutional. But no such opinion exists.

A clearly existing right is not shown where the relief sought would only be available if the court declared a statute unconstitutional. *St. Louis Police Officers' Ass'n v. Sayad,* 685 S.W.2d 913, 916–917 (Mo.App.1984). Where there is no such right there is no corresponding, clearly existing duty of Director to ignore the provisions of § 302.525.2(1). After *McHenry* there is support for Director's reasonable belief that Respondent had no authority to enter an order in conflict with the limitation provisions of § 302.525.2(1) and that the preliminary order in mandamus was void for lack of jurisdiction. *See, McHenry,* 861 S.W.2d at 563.

In the absence of a judgment that § 302.525.2(1) is unconstitutional Director cannot be held in contempt of court for refusing to follow an order which does not apply its limitations in the allowance of restricted driving privileges. The Relator–Director's conduct is, by definition, not an affront to the process or dignity of the court.

It is not necessary for this court to decide the constitutional question. As a matter of law Director cannot be held in contempt for

refusing to follow an order which is contrary to the language of a statute and a Supreme Court opinion in *McHenry*. Respondent was without authority to enter the order. Respondent was not asked to rule and has not ruled on constitutionality. The Court of Appeals need not reach the issue in a writ proceeding which is addressed to the discretion of the court. *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 188 (Mo. banc 1977).

Preliminary writ in prohibition made permanent.

CRANE and GRIMM, JJ., concur.