STATE of Missouri ex rel., DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,

v.

The Honorable James E. PENNOYER, Judge of the Circuit Court of the St. Francois County, Respondent.

No. 72223.

Missouri Court of Appeals, Eastern District, Writ Division Five.

April 15, 1997

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Eric Charles Harris, Park Hills, for respondent.

Before AHRENS, C.J., GRIMM, P.J., and SIMON, J.

PER CURIAM.

Relator filed a petition for writ of prohibition. She alleges respondent was without jurisdiction to grant restricted driving privileges to Earl Keith Byington during the pendency of Byington's appeal of the suspension of his driving privileges. Respondent has filed his suggestions in opposition to the issuance of the writ.

The facts and law are clear. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument, and issue a peremptory writ of prohibition.

In the early morning hours of December 18, 1996, Byington was involved in a one-vehicle accident. He was arrested for driving while intoxicated. A breath sample disclosed a blood alcohol content of .130.

Relator suspended Byington's driving privileges. The suspension was upheld after an administrative hearing. On February 25, 1997, Byington filed a petition for trial de novo which included a request for restricted driving privileges during the pendency of the proceedings. On the same day, respondent issued his order granting those privileges. Relator then filed this application for writ.

Section 302.535.2 \* authorizes the issuance of restricted driving privileges. However, § 302.525.2(1) provides that a restricted driving privilege cannot be "issued pursuant to this section or section 302.535 until the person has completed the first thirty days of a suspension under this section." Thus, § 302.525.2(1) "precludes issuance of restricted driving privileges until after the first thirty days of suspension." *State ex rel. Director of Revenue v. McHenry*, 861 S.W.2d 562, 563 (Mo.banc 1993). A circuit court exceeds its jurisdiction when it enters a stay in contravention of that statute. *Id.* Moreover, § 302.525 RSMo does not conflict with § 302.535.2. *Id.* at 564.

Nevertheless, respondent contends that because § 302.535 was amended in 1996, while § 302.525 was last amended in 1991, the broader provisions of § 302.535 control. The difficulty with respondent's argument is that the 1996 amendment pertains only to § 302.535.1, not to 302.535.2. *See* § 302.535 RSMo 1996. *McHenry* was decided in 1993. When the General Assembly made its 1996 amendment to § 302.535, it was presumed to know the "judicial decisions that construe and give effect to the statute." *Dow Chemical Co. v. Director of Revenue*, 834 S.W.2d 742, 745 (Mo.banc 1992).

Respondent did not have jurisdiction to order the relator to issue Byington restricted driving privileges until the first thirty days of the suspension have been served. Peremptory writ is ordered issued. Respondent is directed to vacate his February 25, 1997 order issued in *Byington v. Lohman*, St. Francis County Circuit Court Case No. CV597–167CC.

\* All statutory references are to RSMo 1994 unless otherwise indicated.