**Robert B. PIERCE, Jr., Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. WD 59105.**

Missouri Court of Appeals,
Western District.

Aug. 7, 2001.

Jeffrey Scott Eastman, Gladstone, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Bernabe A. Icaza, Asst. Atty. Gen., Jefferson City, for respondent.

Before THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN, J. and JAMES M. SMART, JR., J.

NEWTON, Judge.

### Factual and Procedural Background

On the evening of September 12, 1999, Mr. Robert B. Pierce, Jr. was stopped by Officer Shaun Clawson for speeding. As Officer Clawson approached Mr. Pierce's vehicle, he smelled a "moderate odor" of alcohol and also noticed that Mr. Pierce's eyes were bloodshot and watery. Officer Clawson administered numerous field sobriety tests. Based on Mr. Pierce's poor performance from those tests, Officer Clawson arrested him for suspicion of driving while intoxicated. Officer Clawson impounded Mr. Pierce's vehicle and transported him to the police station.

While at the police station, Officer Clawson read the "Implied Consent Warning Law" to Mr. Pierce as indicated in the Alcohol Influence Report. He then requested that Mr. Pierce take a chemical breath test. Initially, Mr. Pierce declined and asked to take a blood test instead. Officer Clawson informed him that he was only offering a breath test. Subsequently, Mr. Pierce agreed to take the breath test. His results indicated that he had an alcohol concentration of .114%.

Once the breath test was completed, Mr. Pierce again requested a blood test. Officer Clawson told Mr. Pierce that he could get his own blood test, but only after he posted bond. Mr. Pierce was able to post bond within forty-five minutes but did not receive a blood test.

The Department of Revenue held an administrative hearing and ordered Mr. Pierce's license suspended. Mr. Pierce then filed a petition in the Circuit Court of Jackson County to have his license reinstated. After a trial, the Honorable Robert L. Trout ordered the suspension or revocation of Mr. Pierce's driving privileges. This appeal followed.

Mr. Pierce raises one point of error. He asserts that the trial court erred in considering the results of the State's evidentiary breath test in that Mr. Pierce timely requested that he be given a blood test because § 577.020.5 [1] expressly recognizes that an individual may have an independent chemical test taken and the State's conduct ensured that no timely chemical test could be taken.

### Standard of Review

On review, the trial court's ruling must be upheld unless it is unsupported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. [2]

### Legal Analysis

In this appeal, Mr. Pierce argues that his due process rights were violated because he timely asked for an independent blood test, but his requests were denied. As a result, he contends that the breath test administered by the State is excludable evidence under § 577.020.5. Mr. Pierce further argues that the officer failed to take measures to ensure that he was able to obtain an additional test. The statute provides:

> The person tested may have a physician, or a qualified technician, chemist,

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. *Brown v. Dir. of Rev.*, 34 S.W.3d 166, 169 (Mo.App. W.D.2000) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

registered nurse, or other qualified person at the choosing and expense of the person to be tested, administer a test in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.[3]

When construing a statute, courts must "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning."[4] When deciding whether a statute is clear and unambiguous so as to ascertain the intent of the legislature, the appellate court must consider whether the language is plain and clear to a person of ordinary intelligence.[5] Only when the language is ambiguous or if its plain meaning would lead to an illogical result will the court look past the plain and ordinary meaning of a statute.[6]

This court previously held that, read individually, § 577.020 is not ambiguous.[7] Section 577.020.5 clearly gives Mr. Pierce the right to have an independent test at his own expense, but Mr. Pierce failed to obtain a second test. He was released within forty-five minutes of the breathalyzer test administered by Officer Clawson, giving him ample time to obtain a second test. Thus, Mr. Pierce's failure or inability to obtain a second test does not preclude the admission of evidence relating to the test taken at the direction of the law enforcement officer.[8] Double testing is not a prerequisite for the admissibility of chemical test results.[9] Furthermore, we have already established that

> "[t]he arrested person does not have his choice of which statutory test he will take. If a choice were allowed, a person could avoid taking a test by demanding one which he knew to be unavailable. The arrested person is protected from arbitrary action by the officer because the statute limits the number of tests which the officer can request to two. The officer knows which test is available at the time he requests a person to submit to a test."[10]

The officer, therefore, was within his discretion, opting to administer the breath test despite Mr. Pierce's request to have a blood test.

Mr. Pierce, further, argues that Officer Clawson should have taken measures to ensure that he was able to obtain a blood test because Mr. Pierce requested a blood test several times after the breath test was administered. Mr. Pierce also argues that Officer Clawson hindered his ability to obtain the blood test because Officer Clawson would not allow Mr. Pierce access to his impounded automobile. Mr. Pierce failed to cite any case law to support his contention that the statute requires the officer to assist an arrested person in obtaining a second test.

---

**3.** § 577.020.5

**4.** *Farmers' & Laborers' Coop. Ins. Ass'n v. Dir. of Rev.*, 742 S.W.2d 141, 145 (Mo. banc 1987).

**5.** *Wheeler v. Bd. of Police Comm'rs of Kansas City*, 918 S.W.2d 800, 803 (Mo.App. W.D. 1996) (citing *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988)).

**6.** *Id.*

**7.** *State v. Stottlemyre*, 35 S.W.3d 854, 859 (Mo.App. W.D.2001).

**8.** *See* § 577.020.5; *see also State v. Schollmeyer*, 741 S.W.2d 690, 691 (Mo.App. W.D.1987).

**9.** *Schollmeyer*, 741 S.W.2d at 691.

**10.** *Kiso v. King*, 691 S.W.2d 374, 377 (Mo. App. W.D.1985).

The State, however, argues that the officer was not required to assist Mr. Pierce in obtaining a second alcohol test. The State's argument is supported by the explicit language of the statute, specifically when it states, "[t]he *failure* or *inability* to obtain an additional test by a person shall not preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer." [11] Mr. Pierce failed to present evidence indicating that he took any affirmative steps to secure the blood test. In fact, he posted bond and was released approximately forty-five minutes after the breath test, which was ample time for Mr. Pierce to reach a facility that could administer the blood test. Mr. Pierce could have contacted someone to accompany him to the facility or taken public transportation, but he failed to do so. Furthermore, Mr. Pierce was in no condition to drive his impounded vehicle since he had a blood alcohol content of .114%. Officer Clawson did not impede Mr. Pierce's access to an independent test. The statute does not require the officer to transport the arrested person to a facility that can administer a blood test, and Mr. Pierce's inability, if any, and failure to obtain the blood test does not preclude the State from introducing the breath test into evidence. Point denied.

### Conclusion

The trial court's judgment is affirmed.

HAROLD L. LOWENSTEIN, Judge and JAMES M. SMART, JR., Judge, concur.

---

11. § 577.020.5 (emphasis added).