**Ronald C. WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60236.**

Missouri Court of Appeals,
Western District.

Aug. 20, 2002.

As Modified Oct. 1, 2002.

Emmett D. Queener, Asst. Public Defender, Columbia, MO, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, MO, for Respondent.

Before: HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR. and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Ronald C. White appeals from the judgment of the motion court denying his Rule 24.035 motion, which judgment he claims violated his due process rights by allowing the State to "artificially and improperly combine several misdemeanors committed during one scheme or course of conduct into multiple felony counts."

## I. Factual and Procedural Background

Mr. Ronald C. White was charged with two felony counts of passing bad checks, in violation of § 570.120.1(2).[1] Count I of the information charged that Mr. White passed nine insufficient funds checks between May 11 and May 20, 1998, totaling $366.15. Count II of the information charged that Mr. White passed five insufficient funds checks between May 22 and May 29, 1998, totaling $250.

On December 8, 1998, Mr. White pleaded guilty to both charges under a plea agreement in which he agreed to plead guilty in exchange for the State's recommendation of two consecutive five-year suspended sentences. Under the terms of the plea agreement, execution of the sentences would be suspended and Mr. White would be placed on probation for five years. Mr. White also agreed to pay $2,438 in restitution within six months.

After finding that Mr. White's guilty pleas were knowingly and voluntarily entered, the plea court sentenced Mr. White to two consecutive five-year terms of imprisonment. In accordance with the terms of the plea agreement, execution of the sentences was suspended and Mr. White was placed on probation for five years.

Thereafter, the restitution provision of Mr. White's plea bargain was modified, requiring him to pay $100 monthly within the first six months for a total of $600. As of February 25, 2000, Mr. White had only paid $100 in restitution.

As a result of Mr. White's failure to pay restitution, and based upon other alleged probation violations, including drug usage, failure to report to his probation officer, failure to complete outpatient counseling for substance abuse, and failure to pay court costs, a probation violation report was issued. A probation violation hearing was held and Mr. White admitted the charged probation violations. The judge revoked Mr. White's probation and ordered execution of the consecutive five-year prison sentences.

Mr. White filed a pro se motion under Rule 24.035, seeking to vacate, set aside, or correct the judgment or sentence, and an amended motion was filed thereafter. The amended motion alleged that trial counsel was ineffective in failing to explain to Mr. White that the original terms of his plea agreement had been modified so that the two terms would run consecutively (rather than concurrently) for a total of ten years if Mr. White violated the terms of his probation.

The amended motion also alleged that Mr. White "was denied his due process rights because the state was improperly and artificially allowed to combine various misdemeanor offenses for the purposes of aggregating the amounts of the checks to TWO felony counts." The motion analogized Mr. White's situation to that in *State v. Snider*, 869 S.W.2d 188 (Mo.App. E.D. 1993), which involved aggregation of stealing offenses under § 570.050. Recognizing

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

that the stealing aggregation statute "permits the state to artificially combine misdemeanor acts which do not ordinarily belong together and can be separately charged" and that "the state must not stray from the limited manner in which the legislature prescribed that this statute be used", *Snider* rejected the State's attempt to aggregate several misdemeanor stealing charges into multiple felonies under § 570.050. *Id.* at 197.

Following an evidentiary hearing on the allegations of the amended motion, the motion court issued an order with findings of fact and conclusions of law, overruling Mr. White's motion. With regard to the allegation of ineffective assistance of counsel, the court held that "[t]he transcript of the plea hearing, as well as the written petition to enter the guilty plea signed by Movant, reflects that Movant was fully informed of the details of the plea agreement and fully understood its terms."

The motion court further rejected Mr. White's claim that the checks were improperly aggregated into two felonies, concluding that this case was "slightly, yet significantly, different," from *Snider*. The court ruled that the language of § 570.120.3 specifically allowing aggregation of checks "within any ten (10) day period," permitted the State to charge separate felonies for "separate and non-overlapping ten (10) day periods." The motion court concluded that this procedure did "'not stray from the limited manner in which the legislature prescribed' section 570.120.3 to be used." Mr. White now appeals.

Mr. White raises one point on appeal. He claims that the motion court's ruling denying his Rule 24.035 motion violated his due process rights by allowing the State to "artificially and improperly combine several misdemeanors committed during one scheme or course of conduct into multiple felony counts." Mr. White does not appeal the trial court's ruling regarding his claim of ineffective assistance of counsel.

## II. Legal Analysis

This court will not disturb the judgment of a motion court denying post-conviction relief unless the findings and conclusions of the motion court are clearly erroneous. *Sitton v. State*, 17 S.W.3d 917, 920 (Mo.App. S.D.2000); Rule 24.035(k). In reviewing a motion court's judgment, this court "will find the motion court's determination clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made." *Sitton*, 17 S.W.3d at 920.

We first address the State's contention that Mr. White has waived the point relied on here.

### A. Waiver of Claim

A voluntary plea of guilty, understandingly made, waives any non-jurisdictional defenses to the charges and any non-jurisdictional defects in the proceedings. *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992); *Maulhardt v. State*, 789 S.W.2d 835, 837 (Mo.App. E.D.1990). A guilty plea made as a result of a plea agreement is binding upon both the defendant and the state. *State v. White*, 838 S.W.2d 140, 142 (Mo.App. W.D.1992); *Stokes v. State*, 671 S.W.2d 822, 824 (Mo. App. E.D.1984); *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App. W.D.1981). A defendant's collateral attack on such a guilty plea will be weakened where "the sentence was imposed pursuant to a plea bargain, and defendant avers no breach thereof." *Row v. State*, 680 S.W.2d 418, 419 (Mo.App. S.D.1984).

Mr. White's due process claim is a non-jurisdictional defect in the proceedings and is, therefore, waived by a voluntary guilty plea understandingly made.

*See Carrow v. State,* 755 S.W.2d 328, 330 (Mo.App. E.D.1988). In this case the motion court found that Mr. White "was fully informed of the details of the plea agreement and fully understood its terms." Mr. White does not appeal this finding or otherwise argue that his guilty plea was anything but voluntary and understandingly made. Mr. White is, therefore, bound by the terms of his plea agreement. In exchange for Mr. White's guilty pleas, the State agreed not to pursue additional bad check claims against Mr. White and consented to two consecutive five-year suspended sentences and five-years of probation. Mr. White violated several conditions of his probation, thus breaching the plea agreement and triggering execution of the suspended sentences. That Mr. White does not allege any breach of the plea agreement by the State further undermines his claim. *See Row,* 680 S.W.2d at 419.

Although Mr. White has waived his claim for relief, we choose to address his due process argument.

## B. Aggregation of Bad Check Charges

For purposes of prosecuting those who pass bad checks, "[t]he face amounts of any bad checks passed pursuant to one course of conduct within any ten-day period may be aggregated in determining the grade of the offense." § 570.120.3. If the aggregate amount of several bad checks is $150 or more, then the offense is a felony. § 570.120.4(1). Mr. White argues that a correct interpretation of § 570.120.3 limits the state to charging a defendant with a single felony count if the bad checks passed are written during "one course of conduct," even when that course of conduct covers multiple ten-day periods.

"The primary rule of statutory construction is to ascertain what the General Assembly intended and to give effect to that intent...." *State v. Cross,* 34 S.W.3d 175, 178 (Mo.App. W.D.2000). The intent of the legislature is ascertained from the language of the statute. *Pierce v. Dir. of Revenue,* 51 S.W.3d 888, 890 (Mo.App. W.D.2001). "When deciding whether a statute is clear and unambiguous so as to ascertain the intent of the legislature, the appellate court must consider whether the language is plain and clear to a person of ordinary intelligence." *Id.* "Only when the language is ambiguous or if its plain meaning would lead to an illogical result will the court look past the plain and ordinary meaning of a statute." *Id.*

Mr. White analogizes his situation to that of the movant in *State v. Snider,* 869 S.W.2d 188 (Mo.App. E.D.1993), a case involving the aggregation of stealing offenses under § 570.050.[2] *Snider* rejected the State's attempt to aggregate several misdemeanor stealing charges into multiple felonies under § 570.050.

This case is distinguishable from *Snider.* As the motion court correctly observed, the stealing aggregation provision (§ 570.050) at issue in *Snider* differs "slightly, yet significantly" from § 570.120.3. While § 570.050 treats each scheme or course of conduct as "a single criminal episode," § 570.120.3 does not contain similar language, which could be construed, on its face, as limiting the State to charging the defendant with a single felony. And while the Comment to the 1973 Proposed Code for § 570.050 V.A.M.S. specifically states that "penalties

---

**2.** Section 570.050 provides that "[a]mounts stolen pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of the offense."

should not be combined by artificially breaking up a single course of conduct into separate offenses", the corresponding Comment to § 570.120.3 contains no comparable language. In fact, the Comment to § 570.120.3 specifically states as follows:

Subsection [3][3] is intended to cover the "check writing spree" cases. Bad check artists may write a series of small checks over a short period of time and then leave town. If the checks are kept under $150 each, there would be only a series of misdemeanors without this subsection. This permits aggregation of the amounts of checks within a ten-day period.

Furthermore, § 570.050 contains no time frame within which the value of funds stolen in the course of several misdemeanors may be aggregated to comprise a felony. Section 570.120.3, by contrast, expressly provides for the ten-day period during which time the face amounts of bad checks may be aggregated. Read individually, § 570.120.3 is not ambiguous. *See Pierce*, 51 S.W.3d at 890. The State was within the allowable parameters of prosecution when it charged Mr. White with two felonies based upon activities that occurred in two non-overlapping ten day time periods.

Accordingly, the motion court did not err in denying Mr. White's Rule 24.035 motion. As previously stated, this court "will find the motion court's determination clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made." *Sitton*, 17 S.W.3d at 920. It is our opinion, based upon the entire record, that Mr. White has failed to demonstrate that the motion court's decision was clearly erroneous. This point is denied.

---

**3.** What the Comment to the 1973 Proposed Code refers to as "subsection 5" has since

### III. Conclusion

After reviewing the transcript, the record on appeal, and the briefs of the parties, we conclude that the judgment of the motion court should be affirmed.

HAROLD L. LOWENSTEIN, P.J., and JAMES M. SMART, Jr., J. concur.

been renumbered as subsection 3.