Harrison L. DOVE, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 37047.

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Jon M. Krebbs, Liberty, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal by the Director of Revenue from the order of the trial court in a proceeding to review the administrative suspension of respondent's driving license pursuant to § 302.505.1, RSMo.Cum.Supp. 1984.[1] The judgment is reversed.

According to the evidence in the case and the facts found by the trial court as recited in its order, respondent was arrested September 11, 1984 in Clay County for careless and imprudent driving. Respondent displayed apparent conditions associated with alcohol intoxication and upon testing with a chemical breathalyzer, respondent was found to have a blood alcohol concentration of .31 percent. Notice of driver's license suspension was issued pursuant to §§ 302.-500–.540 and the suspension was affirmed on administrative review.

In the proceeding had in the circuit court, it was respondent's contention that the administrative review afforded him by the Department of Revenue pursuant to § 302.-530 was constitutionally deficient as a denial of due process because the administrative hearing officer acted in both a prosecutorial and judicial capacity. This fact of the administrative review format was effectively conceded when appellant agreed that no one appeared on behalf of the Director of Revenue before the administrative hearing officer. This constitutional argument was presented in respondent's petition for trial de novo and was preserved.

The judgment entered by the trial court found the administrative hearing practice as employed in this case to be violative of respondent's constitutional rights of due process. The judgment remanded the case to the Director of Revenue with directions that an advocate appear on behalf of the Department of Revenue, presumably at a renewed administrative hearing, to present evidence and litigate the department's case.

1. All statute citations are to RSMo.Cum.Supp. 1984.

■ Appellant contends the trial court erred in ruling the practice followed at the administrative hearing violated any constitutional rights of due process. Respondent's brief does not speak to this issue at all but contends instead that the administrative hearing was flawed because the decision of the administrative hearing officer was based on records and reports and not on testimony by witnesses at the hearing. This latter argument was unqualifiedly rejected by the opinion in *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985), and requires no further discussion.

■ The contention that constitutional due process requires an administrative hearing to be conducted in all instances by an impartial arbiter is not valid. Assuming for the sake of disposition of the point that absence of an advocate for the state at the hearing conducted in driver's license cases pursuant to § 302.530 presupposes a bias by the hearing officer because of his employment by the Department of Revenue, a due process violation does not thereby occur if the decision at the administrative level may be subjected to judicial review. The law is well settled that presentation of a contested case to the administrative agency which is itself interested in the outcome does not vitiate the proceedings. *Tonnar v. Missouri State Highway and Transportation Comm.*, 640 S.W.2d 527, 533 (Mo. App.1982). It is enough to satisfy due process requirements if judicial review of the administrative decision is provided. *Rose v. State Board of Registration for Healing Arts*, 397 S.W.2d 570, 574 (Mo. 1965).

■ The scheme of §§ 302.500 to .540 arranges an orderly process for review of driver's license suspension or revocation cases, first by an administrative hearing before the Department of Revenue, § 302.-530, and thereafter before the circuit court. Section 302.535. There is no constitutional defect, as the trial court found in this case, merely because § 302.530 relegates the administrative hearing to an examiner employed by the Department of Revenue who conducts the hearing in the dual capacity of an adjudicator and a representative of the department. The judicial review by trial de novo in the circuit court affords the safeguard necessary to insure due process.

Some further comment is appropriate in this case because of the trial court's order described above remanding the case to the Department of Revenue for rehearing. That order demonstrates a misconception of the trial court's function in cases presented under § 302.535.

■ Section 302.535.1 expressly withholds from circuit judges the power to review the administrative decision made as to driver's license suspensions after hearings are conducted pursuant to § 302.530. The statute authorizes trial de novo, meaning a trial anew, *Black's Law Dictionary* (5th Ed.1979), and states in part: "Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to Chapter 536, RSMo." The trial de novo had under § 302.535 is an original proceeding and is an exercise of an original and not a review jurisdiction. *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985).

■ The trial judge erred in this case when he ordered the case remanded to the Department of Revenue, for whatever cause, because such order was beyond his jurisdiction in deciding a case of original jurisdiction.

■ Apart from the issue of constitutional error, the evidence in the case supports affirmance of the driver's license suspension originally imposed. No other error appears or is asserted. Accordingly, the judgment of the circuit court is reversed. The order by the Department of Revenue suspending respondent's driving license is reinstated for a period to be determined by the Department of Revenue in accordance with § 302.525.2. Costs are assessed against respondent.

All concur.