**Michael KENAGY, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 37861.**

Missouri Court of Appeals,
Western District.

Nov. 4, 1986.

William L. Webster, Atty. Gen., James Chenault, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

T.K. Thompson, Kansas City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

BERREY, Presiding Judge.

The state has appealed the ruling of the trial court reinstating the driving privileges of respondent which had been suspended pursuant to §§ 302.500–540, RSMo Supp 1984.

On May 26, 1985, at about 2:00 a.m., the respondent was arrested by Officer Densil Roll of the Kansas City Police Department. Officer Roll testified that respondent nearly hit the rear end of his police car. The officer stated, "He passed me, made a left-hand turn, and missed the street that he was turning on, . . . ." At this juncture Roll stopped the respondent and asked for his driver's license.

Roll testified, without objection, that "It was obvious that he was intoxicated." The officer noticed the respondent was swaying and his pupils were dilated. He had a moderate odor of a person who had been drinking. He staggered on the heel to toe walk test and missed his nose on the finger to nose test.

The respondent was arrested and transported to the station where he took the Alco-analyzer test. According to Roll, prior to being given the test, the respondent stated "he wouldn't pass the test." Roll was the holder of a permit qualifying him to administer breathalyzer tests. Roll testified that he followed the procedures outlined in the operational checklist for the breathalyzer test and Alco-analyzer. He observed the defendant for fifteen minutes and then set the breath timer mode to automatic. He checked the paper in the Alco-analyzer, moved the lever to take the breath sample and started the analysis by moving the lever to the analysis position. The results were then printed and Roll

attached them to his report. The defendant tested .145.

The state called Officer Purtle, who held a Type II permit, to testify. A Type II permit is issued to those persons who have qualified as maintenance personnel. Purtle testified that on May 7, 1985, the machine was given its monthly inspection and no adjustments were required. The machine was again inspected on June 1, 1985, and on that date the "differential zero was adjusted from a minus .700 to minus .278 to put it in a more optimal time frame." Officer Purtle testified that the machine was functioning properly on May 25, 1985, to the best of his knowledge. "It was correctly functioning when [he] arrived to do the certification, and [he] did some additional adjustments to keep it in the optimal range."

The trial court's decision, allowing Purtle to testify concerning his knowledge of the working order of the machine, on the date Kenagy took the test, was inconsistent with his earlier ruling concerning Officer Roll's testimony on his knowledge of the working order of the machine. The court sustained an objection to Officer Roll's testifying that to the best of his knowledge the machine was functioning properly. The state alleges the trial court erred in this ruling. *State v. Bush*, 595 S.W.2d 386, 388–89 (Mo.App.1980).

The following occurred between the state trial attorney and the court:

MS. FRANKE: I believe, according to *State v. Bush*, that there is an assumption that the machine is operating correctly.

THE COURT: There isn't in this court.

The Supreme Court in *Collins v. Director of Revenue*, 691 S.W.2d 246, 253 (Mo.Banc 1985), cited *State v. Bush, supra*, with approval. Likewise, *Jannett v. King*, 687 S.W.2d 252, 254 (Mo.App.1985) and *State v. Adams*, 689 S.W.2d 828, 829 (Mo. App.1985), decided by the Eastern and Southern districts, respectively, relied on *State v. Bush, supra*, for support.

■ In view of the pronouncement regarding this matter by the Supreme Court and all three appellate courts, the learned trial judge erred in refusing to permit Roll to offer his opinion as to whether the breathalyzer was functioning properly to the best of his knowledge.

In *Collins v. Director of Revenue*, 691 S.W.2d 246, 253 (Mo. banc 1985). The court held:

It is settled that if breathalyzer tests are administered by certified operators in accordance with the operating procedures promulgated by the Missouri Division of Health, a prima facie case for the introduction of test results is made. *State v. Bush*, 595 S.W.2d 389 (Mo.App. 1980). In each of these cases, the testing officer stated that he held a "Type III" operating permit which authorized him to conduct the breathalyzer examination. Each trooper was questioned and testified that he followed the authorized "checklist" of the Missouri Division of Health which sets forth the proper mode of operating the breathalyzer machine. In these cases, the court took judicial notice of the State rules and regulations in which the checklist appears. This is all that was required. Introduction of the checklist, or the judicial notice of the list, and testimony that the procedures there defined were followed is sufficient foundation to permit admission of the test results. *State v. Shepard*, 639 S.W.2d 258, 260 (Mo.App.1982); *State v. Bush*, 595 S.W.2d at 388.

The appellants' assertion that the state must affirmatively prove that the machine worked properly on the date in question is erroneous. "A contention that the breathalyzer machine was not in proper operating condition can only be validly made if supported by some evidence which at least suggests that a malfunction occurred despite adherence by the testing officer to the correct test methods." *State v. Bush*, 595 S.W.2d at 389. We find no suggestion in the record that the machines malfunctioned.

The state next contends the trial court erred in his judgment by "reviewing the act of the administrative hearing officer."

■ The trial judge's order read in part, "[t]hat the order of the Department of Revenue dated July 16, 1985, *was made without probable cause to show* that petitioner was operating the motor vehicle with an alcoholic concentration in his blood of .13% or more by weight...." (Emphasis added.) By using this language the trial court appeared to be passing upon or reviewing the administrative hearing officer's decision. As set forth in *Collins v. Director of Revenue, supra,* 691 S.W.2d at 249, and *Dove v. Director of Revenue,* 704 S.W.2d 713, 715 (Mo.App.1986), the trial court may conduct a trial de novo under § 302.535, not a review of the administrative hearing officer's decision. This trial is an original proceeding and not merely a review. *Director of Revenue v. Gardner,* 715 S.W. 928, (Mo.App.1986).

In *Dove v. Director of Revenue, supra,* 704 S.W.2d at 715, the trial judge entered an order remanding the case to the Department of Revenue. This decision was reversed as a remand was beyond the lower court's jurisdiction because the case was being tried under a trial de novo with original jurisdiction not review jurisdiction in the trial court. Even though *Dove v. Director of Revenue, supra,* 704 S.W.2d at 715, refers to "judicial review," it is clear that the court is stating the hearing is an original proceeding under trial de novo as provided by § 302.535.

Since the trial judge herein was trying the case "de novo" he should enter a judgment based on the evidence presented to him during the trial. His preoccupation and comments on the ruling of the administrative hearing officer were unfortunate and undoubtedly given only to demonstrate the reason behind his decision.

A look at § 302.535 and *Dove v. Director of Revenue, supra,* 704 S.W.2d 715, reveal that the trial court shall conduct a *new* trial, not review the administrative hearing officer's decision. The court in *Dove v.*

*Director of Revenue, supra,* 704 S.W.2d at 715, held:

Section 302.535.1 expressly withholds from circuit judges the power to review the administrative decision made as to driver's license suspensions after hearings are conducted pursuant to § 302.-530. The statute authorizes trial de novo, meaning a trial anew, Black's Law Dictionary (5th Ed.1979), and states in part: "Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to Chapter 536, RSMo." The trial de novo had under § 302.535 is an original proceeding and is an exercise of an original and not a review jurisdiction. *Collins v. Director of Revenue,* 691 S.W.2d 246 (Mo. banc 1985).

The evidence presented in the trial de novo supports affirmance of the driver's license suspension. The judgment of the circuit court is reversed and the order of the Department of Revenue suspending Michael Kenagy's driver's license is reinstated. The Department of Revenue shall determine the length of suspension according to law.

All concur.