Kevin Lee SMYSER, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 52334.

Missouri Court of Appeals,
Western District.

Feb. 11, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 1, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Clifford B. Mayberry, Mayberry & Mayberry, for Kirksville, Missouri for respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

ELLIS, Judge.

The Director of Revenue appeals from a judgment of the Adair County Circuit Court

1. All statutory references are to RSMo 1994,

directing suspension of Kevin Smyser's driving privileges for thirty days followed by a sixty day period of restricted driving privileges.

On February 6, 1995, Smyser was arrested for driving while intoxicated. Smyser was given notice of suspension/revocation and requested an administrative hearing. An administrative hearing was held on June 20, 1995, and the suspension/revocation was upheld. Thereafter, the Director revoked Smyser's driving privileges for a period of one year based on an alleged prior alcohol related offense on July 26, 1992. § 302.525.2(2).[1] Smyser petitioned the circuit court for a trial de novo, pursuant to § 302.535.1. Following trial on September 28, 1995, the court found Smyser "was arrested upon probable cause ... with a blood alcohol content of .10 or more ...," and ordered his driving privileges suspended for thirty days followed by sixty days of restricted driving privileges.

The Director moved the court to amend its order to reflect the Department's previous decision to revoke Smyser's driving privileges for one year. The Director attached a copy of Smyser's driving record to her motion, contending it evidenced an earlier alcohol related offense. The court denied the Director's motion to amend because she failed to plead, argue, or adduce evidence of Smyser's prior alcohol related contact at the trial de novo. The Director appeals.

On appeal, the Director argues the trial court's sole function at the trial de novo was to determine whether Smyser was arrested upon probable cause to believe he was driving while his blood alcohol content (BAC) was .10% or more, and that it was without jurisdiction to set the length of the suspension or revocation of Smyser's driving privileges.

We must affirm the judgment of the trial court unless no substantial evidence supports it, the judgment is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Hampton v. Director of Revenue*, 890 S.W.2d 364, 366 (Mo.App. W.D.1994); Rule 73.01.

unless otherwise noted.

■ The issuance of a driver's license is no more than a personal privilege. *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App. S.D.1994). However once granted, the license may not be revoked arbitrarily, but only in the manner and on the grounds provided for by law. *Id.* The Missouri legislature has specifically conferred upon the Department the authority to suspend and/or revoke the driving privileges of any person who is arrested upon probable cause to believe she/he was driving a motor vehicle with a BAC of .10 percent or more. *Jenkins v. Director of Revenue*, 858 S.W.2d 257, 260 (Mo.App. W.D.1993); § 302.505.1. The Department, however, has no discretion in determining the length of the suspension or revocation. The period of suspension or revocation is statutorily prescribed in § 302.525.2:

(1) If the person's driving record shows no prior alcohol related enforcement contacts during the immediately preceding five years, the period of suspension shall be thirty days after the effective date of suspension, followed by a sixty-day period of restricted driving privileges. . . .

(2) The period of revocation shall be one year if the person's driving record shows one or more prior alcohol related enforcement contacts during the immediately preceding five years.

■ Following notice of the administrative decision to suspend or revoke driving privileges, the aggrieved driver may request a hearing to review the determination. § 302.530.1. The sole issue to be determined at the hearing is whether, by a preponderance of the evidence, the driver was: (1) arrested upon probable cause that he was driving in violation of an alcohol related offense; and (2) driving with a BAC of at least .10 percent by weight. *Covington v. Director of Revenue*, 903 S.W.2d 673, 674–75 (Mo.App. E.D.1995); § 302.530.4; § 302.505.1. The Di-

rector carries the burden of proof with regard to these elements. § 302.530.4.

Following the hearing, the Department's decision to revoke or suspend driving privileges for an alcohol-related offense becomes final unless the driver petitions the circuit court for a trial de novo, pursuant to § 302.535.1. § 302.530.7.[2] Section 302.535.1 provides, in pertinent part:

Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury.

■ A trial de novo under § 302.535.1 is an original proceeding conducted pursuant to the Missouri Rules of Civil Procedure, not as an appeal of the administrative decision pursuant to chapter 536, RSMo. *Jenkins v. Director of Revenue*, 858 S.W.2d at 260, 302.535.1. Hence, the circuit court tries the matter anew; it does not review the sufficiency of the evidence at the administrative hearing. *Lawrence v. Director of Revenue*, 863 S.W.2d 10, 12 (Mo.App. E.D.1993).[3] Pursuant to Missouri Rule of Civil Procedure 73.01, which governs civil court tried cases and applies to de novo proceedings under § 302.535.1., the court must "render such judgment that it thinks proper under the law and the evidence." In short, the circuit court is to render its independent judgment based on the evidence presented to it at trial. *Kenagy v. Director of Revenue*, 719 S.W.2d 488, 490 (Mo.App. W.D.1986).

■ At trial, it is incumbent upon the Director to adduce sufficient evidence to

**2.** Petitioning the circuit court for a trial de novo is the driver's exclusive means of challenging an adverse decision at the administrative level. *State ex rel. Director of Revenue v. Scott*, 919 S.W.2d 296, 299 (Mo.App.W.D.1996).

**3.** The driver is given an opportunity to start anew in his attack on the Department's suspen-

sion or revocation order. *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991). The parties are free to change trial strategy, present new evidence, and confront adverse witnesses, uninhibited by the restraints imposed by the prior administrative proceedings and findings. *Id.* at 24–25.

make a prima facie case that the person's driving privileges were properly suspended or revoked. *Ashline v. Director of Revenue,* 707 S.W.2d 432, 433 (Mo.App. W.D.1986); § 302.535.1. In order to suspend a person's driving privileges, the Director must prove: (1) the driver was arrested upon probable cause that he/she was driving in violation of an alcohol related offense, and (2) the person was driving a motor vehicle while his/her BAC was .10 percent or greater. *Covington v. Director of Revenue,* 903 S.W.2d at 674; § 302.505.1. The Director has authority to revoke a person's driving privileges only if the driver has had one or more prior alcohol related enforcement contacts during the immediately preceding five years. § 302.525.2(2). Evidence of a prior alcohol related enforcement contact is essential to the trial court's determination of the propriety of the revocation, because it is the sole factor that transmutes the penalty from suspension, which is temporary, to revocation, which is permanent.[4]

In the case at bar, the Director failed to adduce any evidence that Smyser had a prior alcohol related enforcement contact on his record from the immediately preceding five years. The record is devoid of any testimonial evidence on the issue. Moreover, the Director failed to reference Smyser's driving record in argument or offer a copy of it into evidence. Based on the evidence adduced at the trial de novo, the court properly directed that Smyser's driving privileges be suspended for thirty days followed by a sixty day period of restricted driving privileges. *See Kenagy v. Director of Revenue,* 719 S.W.2d at 490.

The judgment is affirmed.

All concur.

4. As used in 302.500 through 302.541, "suspension" is a temporary withdrawal by the Department of a person's driving license. § 302.500(7). "Revocation" is the termination by the Department of a person's license. § 302.500(5). A revoked license is not subject to renewal or restoration except by application at the expiration of the revocation period. § 302.500(5).