Thomas S. **REINHOLD**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI,** Appellant.

No. 72427.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael Gross, Cynthia Sciuto, Richard Faulstich, St. Louis, for respondent.

CRANDALL, Judge.

The Director of Revenue (Director) appeals from a judgment of the trial court ordering Thomas S. Reinhold's driving privileges suspended for thirty days followed by sixty days of restricted driving privileges. We affirm.

On August 18, 1996, Reinhold was arrested for driving while intoxicated. Reinhold's breath test showed a blood alcohol content of .161. Reinhold was notified of the revocation of his driving privileges and he requested an administrative hearing. A hearing officer upheld the revocation. Reinhold filed a petition for a trial de novo with the circuit court. At trial, the Director did not present evidence of any prior alcohol related enforcement contacts on Reinhold's driving record. The trial court upheld the revocation. Reinhold filed a motion to amend the judgment. The trial court sustained this motion in part, ordering the Director "to remove the revocation" of Reinhold's driving privileges and amending the judgment to reflect a thirty day suspension followed by sixty days of restricted driving privileges. The court also denied the Director's request to present additional evidence. The Director appeals.

■■■■ The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Peeler v. Director of Revenue*, 934 S.W.2d 329, 330 (Mo.App. E.D. 1996). The Director argues that the only issue to be determined by the trial court was whether Reinhold was arrested upon probable cause to believe he was driving while his blood alcohol content was .10 percent or more, and that the court lacked jurisdiction

to set the length of the suspension or revocation of Reinhold's driving privileges.[1]

The Missouri Court of Appeals, Western District, has considered a case with both similar facts and argument by the Director. *Smyser v. Director of Revenue*, 942 S.W.2d 380, 381 (Mo.App. W.D.1997). In *Smyser*, the trial court after a trial de novo ordered Kevin Smyser's driving privileges suspended for thirty days followed by sixty days of restricted driving privileges. *Id.* The Director then moved the court to amend its judgment to reflect the Department of Revenue's previous decision to revoke Smyser's driving privileges for one year. *Id.* The Director attached a copy of Smyser's driving record to the motion to amend, contending that the record demonstrated an earlier alcohol offense. *Id.* The trial court denied the motion to amend because the Director "failed to plead, argue, or adduce evidence of Smyser's prior alcohol related contact at the trial de novo." *Id.* As in the present case, the Director argued on appeal that the sole function of the court at a trial de novo is to determine whether a person was arrested upon probable cause to believe he or she was driving while their blood alcohol was .10% or more, and that the court is without jurisdiction to set the length of the suspension or revocation of a person's driving privileges. *Id.*

In affirming the trial court's judgment, the Western District stated that at a trial de novo "[e]vidence of a prior alcohol related enforcement contact is essential to the trial court's determination of the propriety of the revocation, because it is the sole factor that transmutes the penalty from suspension, which is temporary, to revocation, which is permanent." *Id.* at 382. Because the Director failed to adduce evidence of prior alcohol related enforcement contact at the trial de novo, the Western District held that the trial court properly ordered a thirty day suspension followed by a sixty day period of restricted driving privileges. *Id.* The holding

---

1. Under section 302.525.2.(1) RSMo 1994, "If the person's driving record shows no prior alcohol related enforcement contacts during the immediately preceding five years, the period of suspension shall be thirty days after the effective date of suspension, followed by a sixty-day period of restrictive driving privilege ...," but under section 302.525.2.(2) RSMo 1994, "The period of revocation shall be one year if the person's driving record shows one or more prior alcohol related enforcement contacts during the immediately preceding five years."

in *Smyser* applies to the present case. Here, the Director did not present evidence of any prior alcohol related enforcement contact. The trial court therefore did not err in ordering Reinhold's driving privileges suspended for thirty days followed by a sixty day period of restricted driving privileges.

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.