John H. RAY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 72995.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nadia Termanini, Asst. Atty. Gen., Jefferson City, for appellant.

Harold E. Horsely, Jr., St. Louis, for respondent.

KAROHL, Judge.

Director of Revenue (Director) appeals from a judgment against John H. Ray (Ray) which changed the penalty against Ray from a one-year driver's license revocation to a thirty-day suspension, followed by a sixty-day period of restricted driving privileges. Director contends the court had no jurisdiction to so amend the judgment. We reverse and remand for reinstatement of original judgment.

On July 19, 1996, an officer responded to an accident call in St. Louis County. At the scene, the officer found a truck crashed into a tree. The driver, Ray, was still in the driver's seat and the truck's engine was still running. The officer noticed an odor of alcohol. The officer also observed that Ray was having difficulty standing, had slurred speech, and was uncooperative. The officer arrested Ray based on those observations. The officer charged Ray with driving while intoxicated with a blood alcohol concentration

of ten-hundredths (.10) of one percent or more. The arresting officer issued notice to Ray that his driver's license would be administratively suspended or revoked.

Ray went to the hospital because of his injuries. While there, he consented to having his blood drawn. The crime laboratory determined Ray's blood alcohol content was .10 percent. He requested an administrative hearing pursuant to section 302.505 RSMo Cum.Supp.1996. The court sustained the revocation of Ray's driving privileges. Ray petitioned for trial de novo under section 302.535 RSMo 1994. On March 31, 1997, the court entered a judgment in favor of Director. The court found the arresting officer had probable cause to arrest Ray for driving with a blood alcohol concentration of .10%. It also upheld the one-year revocation of Ray's license.

On June 6, 1997, Ray filed a motion to amend the trial court's judgment nunc pro tunc. He alleged Director failed to introduce Ray's prior driving records at trial. Therefore, Director allegedly failed to sustain the burden of proof to support a license revocation as required by *Smyser v. Director of Revenue*, 942 S.W.2d 380 (Mo.App. W.D. 1997) [1]. The court heard the matter on July 2, 1997. At the hearing, it denied a motion to reopen the case to submit the driving record and entered an amended judgment. It changed the one-year revocation of Ray's license to a thirty-day suspension, followed by a sixty-day period of restricted driving privileges. Director appealed.

■ Director's sole point of error is the trial court had no jurisdiction to amend its March 31, 1997 judgment nunc pro tunc, since the amendment substantively changed its prior judgment in violation of Rule 74.06(a) which only authorizes correction of clerical mistakes. A trial court "retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard ..., vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01; *Roedel v. Roedel*, 788 S.W.2d 788, 790

(Mo.App.1990). "A nunc pro tunc correction of a judgment, however, is an exception to the notice requirement of 75.01." *Id.*

■ A nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis for the amendment. *Brunton v. Floyd Withers, Inc.*, 716 S.W.2d 823, 826 (Mo.App.1986).

An entry of judgment may be corrected to remedy a clerical error or mistake which resulted in an entry that did not actually reflect the judgment rendered. The entry correcting a clerical error cannot be made, however, unless supported by some writing in the record which shows the judgment as actually rendered.... If the error is attributable to the exercise of judicial consideration or discretion, it may not be corrected by nunc pro tunc proceedings. It is not proper to amend an order nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do.

*Id.*

■ The nunc pro tunc order amended the court's previous judgment. "A nunc pro tunc order may not be used to alter or amend the rendered judgment." *Unterreiner v. Estate of Unterreiner*, 899 S.W.2d 596, 598 (Mo.App. E.D.1995). Rule 75.01 limits the trial court's jurisdiction over its judgment to thirty days following the entry of the judgment. *Id.* at 597. Rule 74.06 is not an alternative to timely appeal. *Love v. Board of Police Comm'rs*, 943 S.W.2d 862, 863 (Mo. App. E.D.1997). The March 31, 1997 judgment became final on April 30, 1997, because Ray did not file a post-trial motion. The trial court's effort to enter a nunc pro tunc judgment fails because it is an attempt by the court to correct a judicial mistake in response to an allegation the original judgment was not supported by the evidence. The court had no authority to change a sub-

**1.** *Smyser* was decided February 11, 1997. Rehearing and transfer motions were denied on April 1, 1997, after the present case was decided.

Sufficiency of proof was an issue in the *Smyser* trial.

stantive provision of the March 31, 1997 judgment.

Director's motion to strike is denied as moot. We reverse and remand for reinstatement of original judgment.

AHRENS, P.J. and CRANDALL, J., concur.

