**In re the. MARRIAGE OF Tressa Rena BROWN and David Ebenezer Brown.**

**Tressa Rena Brown, Petitioner–Respondent,**

and

**David Ebenezer Brown, Respondent–Appellant.**

**No. 24325.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2001.

George A. Shaffer, Buffalo, for Appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Judge

Petitioner–Respondent ("Respondent") sought the dissolution of a marriage to Respondent–Appellant ("Appellant"). After Appellant filed his answer and "Cross–Petition for Dissolution of Marriage," Respondent filed a motion to dismiss both her petition and Appellant's "Cross–Petition for Dissolution of Marriage," asserting that Appellant was married to another at the time of the marriage ceremony between Appellant and Respondent. The trial court entered judgment sustaining the motion and dismissing the petition and Respondent's "Cross–Petition."

Attached to and incorporated in the motion to dismiss was a copy of a marriage license issued in Texas reflecting that following the issuance of a license a marriage ceremony was performed between Appellant and Martha Fouse Timmons. Also attached was an affidavit of the Texas State Registrar of Vital Statistics reciting that she was the keeper of the reports of divorce or annulment of marriages in Texas and that she made a "careful and dili-

gent search of the statewide indexes of the reports of divorce or annulment of this office, and that I have not found any record of a report of divorce or annulment of marriage having been filed for: David Ebenezer Brown and Marhta [sic] Fouse Brown from 1985 to the present in the State of Texas."[1]

■ Appellant presents one point relied on. He asserts that the motion to dismiss and its attachments were insufficient to rebut the presumption that a second or subsequent marriage is valid, as this presumption " 'may be repelled only by the most cogent and satisfactory evidence.' " *See In re Marriage of Sumners,* 645 S.W.2d 205, 208 (Mo.App.1983) (quoting *Carr v. Carr,* 232 S.W.2d 488, 489 (Mo. 1950)). Appellant acknowledges that Respondent may dismiss her petition. He complains only of the dismissal of his "Cross–Petition."[2]

■ The presumption of the validity of a second marriage puts the burden on a "party contesting the validity of the second marriage to establish that the first marriage had not been dissolved either by a dissolution or by the death of the former spouse at the time of the second marriage." *State v. Byrd,* 676 S.W.2d 494, 501 (Mo.banc 1984). A party asserting the invalidity of a marriage has the burden of proving that the marriage was invalid by clear, cogent and convincing evidence. *Enlow v. Fire Protection Systems, Inc.,* 803 S.W.2d 148, 150 (Mo.App.1991). Such proof did not exist here.

The Texas "statewide indexes" may not contain all of the divorces or annulments either because of errors or oversights by the State Registrar of Vital Statistics or on the local level, even, if we assume, as there is some indication in Appellant's brief, that he was divorced in Texas. Of course, either Appellant or his previous wife could have initiated and received a divorce or dissolution or annulment in another jurisdiction.

■ In addition, as Appellant contends, this matter must be reversed because there was no evidence that Appellant's previous spouse was alive when he married Respondent. There is a presumption that when a person is shown to be alive at a given time the law presumes that he or she remains alive until the contrary is shown. *Sumners,* 645 S.W.2d at 208. "However, it has been held by our courts and others that when the presumption of the validity of a marriage conflicts with the presumption of the continuance of life, and there are no circumstances in evidence to aid the presumption of continued life, the presumption of validity of the marriage is stronger and will prevail." *Id.*

The portion of the judgment dismissing Respondent's petition is affirmed. The portions of the judgment sustaining the motion to dismiss as to Appellant's "Cross–Petition" and dismissing the same is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

GARRISON, P.J., and RAHMEYER, J., concur.

---

1. The attachments to the motion obviously state matters outside the pleadings, but there is no indication that the motion was treated as a motion for summary judgment as provided in Rule 55.27(a). However, no issue regarding this is presented here.

2. Respondent has filed no brief. While there is no penalty for that omission, we must adjudicate Appellant's claim of error without the benefit of whatever argument, if any, Respondent could have made in response to it. *In re Marriage of Jennings,* 994 S.W.2d 78, 79 n. 1 (Mo.App.1999).