**Jeremy L. EVANS, Plaintiff– Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant– Appellant.**

**No. 25580.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 26, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., James H. Klahr, Asst. Atty. Gen., Jefferson City, for appellant.

No brief filed for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Director of Revenue ("Director") appeals from a judgment staying Director from entering a revocation of driving privileges for Jeremy L. Evans ("Evans") after the court had previously entered an order sustaining the revocation. Director contends the trial court had no jurisdiction to so amend the judgment. We reverse and remand for reinstatement of the original judgment.

Evans was arrested for driving while intoxicated and was asked to submit to a blood alcohol test, but he refused. Based on Evans' refusal, Director issued a notice informing Evans that his license would be revoked for one year.

Prior to the revocation taking effect, Evans filed a petition for review of Director's decision to revoke Evans' license. The circuit court, after a hearing on the matter, denied the petition in a docket

entry. The January 15, 2003, docket entry reads: "Parties appear. Hearing held. Petition to prohibit [Director] from suspending license denied. Judgment for [Director] ordered entered." The entry was initialed by the judge in the matter.

On March 31, 2003, the trial court entered an "Amended Judgment Nunc Pro Tunc," which reads: "The Court is advised that the Docket Entry of January 15, 2003 was erroneous, in that the [Evans] was not properly advised of the implied consent law and that the State concedes and stipulates to Judgment for [Evans] and against [Director]." Director appeals this judgment.

■ Director's sole point on appeal maintains that the trial court had no jurisdiction to amend its January 15, 2003, judgment nunc pro tunc.[1] Director contends the trial court lacked jurisdiction because the amendment substantively changed its prior judgment in violation of Rule 74.06(a), which only authorizes correction of clerical mistakes.[2] A trial court "retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard ..., vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01.

■ We first note that the January 15, 2003, docket entry is a judgment as defined by Rule 74.01(a), which provides, in pertinent part:

A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document.

The record reflects the docket entry is a judgment in that it is a writing, denominated as a judgment, and signed by the judge using his initials. The judge's initials are sufficient to meet the requirements of the Rule 74.01(a) even when the judge's ordinary signature is not accomplished through initialing. *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. S.D.1996).

■ Turning now to the issue of the purported nunc pro tunc amended judgment, we first note the purpose such an order.

The power to issue nunc pro tunc orders ... constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself. "It is universally held that the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done*, but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken."

*Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997) (quoting *City of Ferguson v. Nelson*, 438 S.W.2d 249, 253 (Mo.1969)) (internal citations omitted).

■ The nunc pro tunc order in the present case not only amended the court's previous judgment, but served, in fact, to

1. We observe that Evans failed to file a brief in this matter. While there is no penalty for such an omission, we must adjudicate Director's claim of error without the benefit of whatever argument, if any, Evans may have made in response. *In re Marriage of Brown*, 57 S.W.3d 354, 356 n. 2 (Mo.App. S.D.2001).

2. Rule references are to Missouri Court Rules (2003).

reverse the original judgment. A nunc pro tunc order may not be employed to alter or amend the rendered judgment. *Id.* at 241. The trial court's jurisdiction over its judgment is limited by Rule 75.01 to only thirty days following the entry of the judgment. *Downing v. Howe,* 60 S.W.3d 646, 648 (Mo.App. S.D.2001). Rule 74.06 is not an alternative to timely appeal. *Ray v. Director of Revenue,* 970 S.W.2d 910, 911 (Mo.App. E.D.1998). The January 15, 2003, judgment became final on February 14, 2003, because, as the record reflects, neither Evans nor Director filed a post-trial motion. *See id.* The trial court's attempt to enter an amended nunc pro tunc judgment must fail because it is an attempt by the court to correct a judicial mistake in response to Evans' allegation that the original judgment was not supported by the evidence. *See id.* The court had no authority to change the substantive provisions of the January 15, 2003, judgment.

We reverse and remand for reinstatement of the original judgment.

PARRISH and SHRUM, JJ., concur.