Ken KISSEE and Janice Kissee,
Plaintiffs–Appellants,

v.

E–Z PAWN, LLC, Rodney A. Triplett,
and Don Hopper, Defendants–
Respondents.

No. SD 29347.

Missouri Court of Appeals,
Southern District,
Division Two.

May 27, 2009.

Motion for Rehearing and Transfer Denied
June 18, 2009.

Application for Transfer Denied
Sept. 1, 2009.

Steven E. Marsh, Springfield, MO, for Appellants.

James B. James, Springfield, MO, for Respondents.

DON E. BURRELL, Presiding Judge.

Ken and Janice Kissee ("Appellants") appeal the trial court's denial of their request to be relieved from the effects of a judgment the trial court had entered three years earlier, dismissing without prejudice a tort case they had brought against E–Z Pawn, LLC; Rodney Triplett; Don Hopper; and First Financial Insurance Company ("Respondents"). Because we find the trial court did not abuse its discretion in ruling that Appellants' motion was not brought within a reasonable time, we affirm the denial.

## I. Procedural Background

On May 15, 2001, Appellants filed suit against Respondents, claiming Respondents had either lost or converted certain items of jewelry Appellants had left with E–Z Pawn to be cleaned and repaired. Appellants estimated the value of that jewelry to be approximately $8,300.00. In May of 2004, without explanation to the trial court, the parties failed to appear on the date the matter had been set for trial. The court simply noted the failure to appear in its docket sheet and took no other action.

In June of 2005, Respondents' counsel wrote Appellants' attorney a letter in which Respondents offered to settle the case for $5,500.00. The record does not reveal whether Appellants made any contemporaneous response to that offer.

On August 19, 2005, fifteen months after the parties had failed to appear for trial and had taken no other action in the case, the trial court sent a notice to all parties that read: "THIS CASE HAS BEEN PUT ON A DISMISSAL DOCKET AND WILL BE DISMISSED FOR FAILURE TO PROSECUTE UNLESS THE COURT IS NOTIFIED IN WRITING." Appellants apparently received this notice and responded to it as the court's docket judgment entered October 5, 2005, stated: "THIS CASE HAS BEEN REMOVED FROM DISMISSAL DOCKET PER WRITTEN REQUEST, COURT TO REVIEW CASE FOR ACTIVITY OR DISMISSAL IN 30 DAYS. NOTICE TO PARTIES." The court then scheduled the case for "review" on November 10, 2005. On November 15, 2005, the trial court entered a docket judgment dismissing the case without prejudice and assessing costs to Appellants. The docket sheet does not indicate that any action had been taken by any party in the case between the date the court had removed the case from its dismissal docket and its subsequent dismissal of the case thirty-nine days later.

On March 5, 2008—approximately thirty-three months after Respondents had tendered their settlement offer to Appellants and some twenty-eight months after the trial court had dismissed the case without prejudice—Appellants sent Respondents' counsel a letter which purported to accept Respondents' June 2005, settlement offer. Respondents' counsel's response to this letter, via facsimile, read: "NICE TRY! THIS CASE WAS DISMISSED ON 11/15/05. I THINK YOU ARE TOO LATE."

Thereafter, on May 12, 2008—*almost two-and-a-half years* after Appellants' case had been dismissed without prejudice because of their failure to prosecute it— Appellants filed a Motion for Relief From Judgment or Order pursuant to Rule 74.06(b)(5).[1] On May 21, 2008, the trial court denied the motion on the grounds that it had not been filed within a reasonable period of time. Appellants filed a Motion to Vacate, Reopen, Correct, Amend and/or Modify Judgment and Order/ Motion for New Trial on June 20, 2008, and the trial court denied it on August 29, 2008. Appellants now appeal that denial.[2]

## II. Standard of Review

■ We review the denial of a motion brought pursuant to Rule 74.06(b) to determine if the trial court abused its discretion. *Lambert v. Holbert*, 172 S.W.3d 894, 895 (Mo.App. S.D.2005). A court abuses its discretion when its judgment or order "is clearly against the logic of the circumstances, is arbitrary and unreasonable, and

---

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2008).

2. On June 4, 2008, Appellants also filed another petition based on the loss of their jewelry. The status or disposition of that claim is unclear from the record.

indicates a lack of careful consideration." *State ex rel. Ford Motor Co. v. Messina,* 71 S.W.3d 602, 607 (Mo. banc 2002).

### III. Analysis

■ Initially, we note that the trial court's docket sheet does not indicate that Appellants were sent notice of the court's judgment of dismissal as required by Rule 74.03. Appellants were unable to seek relief on the basis of this rule violation, however, because Rule 74.03 states that "[i]f such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion *filed within six months from the entry of the order or judgment*"; a time that had long since passed when Appellants finally realized that their case had been dismissed. Rule 74.03 (emphasis added). Instead, Appellants alleged that they were entitled to relief under Rule 74.06(b)(5) because it was no longer equitable that the trial court's "judgment" dismissing their lawsuit on November 15, 2005, remain in force. Rule 74.06 allows relief, in certain circumstances, from a "final judgment or order." Rule 74.06(a). One of those circumstances is when "it is no longer equitable that the judgment remain in force." Rule 74.06(b)(5). Unlike the time limits imposed under other rules that allow a party to seek relief from a judgment (e.g., Rule 74.03—six months if based on lack of notice, and Rule 74.05(d)—up to one year if the judgment was by default), a motion brought pursuant to Rule 74.06(b)(5) must simply be brought "within a reasonable time." Rule 74.06(c).

Although it does not appear that the trial court provided Appellants with notice of its docket judgment dismissing the case at the time of its entry, it did send the earlier-referenced notice to both parties forty-one days before the case was dismissed that said: "THIS CASE HAS BEEN REMOVED FROM DISMISSAL DOCKET PER WRITTEN REQUEST. COURT TO REVIEW CASE FOR ACTIVITY OR DISMISSAL IN 30 DAYS. NOTICE TO PARTIES." Appellants do not deny receiving this docket entry—an entry notifying them that their case could be dismissed if they took no action on it within the referenced thirty-day period; a time in which Appellants took no action.

■ If Appellants had bothered to check whether the court had, in fact, dismissed their case based on their continued inactivity, they would have been able to seek relief in a timely fashion. Instead, Appellants did not file their 74.06(b)(5) motion until twenty-eight months after the November 15, 2005, dismissal had occurred. The record is also devoid of any indication that Appellants gave the trial court any explanation as to why their motion seeking relief from the judgment of dismissal could not have been filed any sooner than it had been. Although the rule does not set a specific time limit, a wait of more than two years to bring a motion under Rule 74.06(b) has been found by our Supreme Court to be unreasonable. *See C.J.G. v. Missouri Dept. of Social Services,* 219 S.W.3d 244, 249 (Mo. banc 2007). Under the circumstances presented here, we find no abuse of discretion by the trial court in denying Appellants' request for relief on the grounds that their motion had not been brought within a reasonable time.[3]

---

**3.** Both parties dedicated a significant portion of their briefs to arguing the issue of whether or not the November 15, 2005, judgment dismissing the case without prejudice had a prospective effect. *See generally Anderson v. Central Missouri State University,* 789 S.W.2d 41, 44 (Mo.App. W.D.1990) (stating that relief un- der Rule 74.06(b)(5) is limited "only to judgments that have prospective effect."). Our ruling, upholding the trial court's finding that Appellants' motion was not timely filed renders moot any discussion of whether the judgment of dismissal had any prospective effect.

The trial court's denial of Appellants' Motion to Vacate, Reopen, Correct, Amend and /or Modify Judgment and Order/Motion for New Trial is affirmed.[4]

LYNCh, C.J., and RAHMEYER, J., concur.

We also question (without deciding) whether Appellants would have been entitled to any relief under Rule 74.06(b)(5) even if their motion had been filed within a reasonable time. While Rule 74.06(b) deals with how to seek relief from a "final judgment or order," subsection (5) thereof refers only to "judgment[s]." Rule 74.01 provides that a "judgment" is a decree or order "from which an appeal lies." Rule 74.01(a). Generally, a dismissal without prejudice is not a final, appealable judgment because a plaintiff may remedy the dismissal by filing his or her action again in the same court. *State ex rel. Nixon v. Summit Inv. Co., LLC*, 186 S.W.3d 428, 432 (Mo.App. S.D.2006). A dismissal without prejudice is only appealable if re-filing at the time of dismissal would be a futile act. *Id.* at 433. Examples of such situations include: cases where the dismissal was based on statutes of limitations, theories of estoppel, a plaintiff's lack of standing, failure of the petition to state a claim where the plaintiff chose not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the plaintiff's claims not being covered by the statute upon which the petition was based. *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo.App. E.D.2000). Because Appellants have not shown that simply re-filing their action at the time of its dismissal would have been a futile act, it is doubtful that the trial court's judgment of dismissal without prejudice entered November 15, 2005, would have constituted a "judgment" within the meaning of Rule 74.06(b)(5).

4. Respondents' Motion for Damages/Sanctions Pursuant to Rule 84.19 is denied.