

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

GINA KALISH, )     No. ED110301
)
    Respondent, )     Appeal from the Circuit Court of
)     St. Charles County
vs. )     1311-FC00151-01
)
JAMES KALISH, )     Honorable Erin S. Burlison
)
    Appellant. )     Filed:  January 17, 2023

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

### OPINION

### Introduction

In this family court matter, appellant James Kalish (Husband) seeks to set aside a 2014 order nunc pro tunc (the 2014 Order), in which the trial court purported to correct the parties' March 2013 consent judgment's treatment of Husband's pension by granting respondent Gina Kalish (Wife) the entire pension instead of just half as the 2013 judgment had ordered.

In her motion seeking the 2014 Order, Wife alleged that the 2013 judgment awarding each party half of the pension was a mere clerical error because the parties intended that she receive the entire pension.[1]  In support of this assertion, Wife submitted the parties' joint

---

[1] Rule 74.06(a)[1], which formalized the common law's nunc pro tunc proceedings, allows a court to correct at any time a clerical mistake that appears in a judgment by motion or upon its own initiative.

affidavit which mirrored the motion's allegations. In July 2020, over six years after the court entered its 2014 Order, Husband moved to set it aside which the trial court denied. Husband now argues on appeal that the trial court erred because the 2014 Order was improper in that it did not simply correct a clerical error, as allowed by Rule 74.06(a), but instead modified the parties' 2013 consent judgment which Rule 74.06(a) does *not* permit.

Although we agree that the 2014 Order was improper because the trial court did not simply correct a clerical error but substantially modified the judgment, we nevertheless affirm because Husband's motion was not filed within a reasonable time as required by Rule 74.06(c).

## Background

Husband and Wife were married in 1989. On March 21, 2013, the court entered the consent judgment that dissolved the marriage and incorporated the parties' marital settlement and separation agreement which addressed (1) the division of the marital estate including personal property and insurance matters, (2) child custody and support arrangements, and (3) the disposition of Husband's pension, which is the issue here. The judgment awarded Wife a half share of the pension Husband had earned during the marriage.[2]

Over a year later, on April 25, 2014, Wife asked the court by way of an order nunc pro tunc to correct the March 2013 judgment to reflect the parties' intent that Wife receive the entirety of Husband's pension along with the plan's pre-retirement survivor benefits. Wife submitted the motion with the parties' joint affidavit stating as much. On May 2, 2014, the court

---

[2] Husband was a participant in the District No. 9 International Association of Machinists and Aerospace Workers Pension Plan. At the time of the divorce, he was employed at Firestone.

granted Wife's motion and on June 19, 2014, entered a corresponding Qualified Domestic Relations Order (QDRO).[3]

Over six years later, on July 17, 2020, Husband moved to set aside the 2014 Order alleging that the trial court lacked "proper jurisdiction" to enter the order and therefore the order was invalid.[4] On August 31, 2020, the court denied Husband's motion because Husband consented to the 2014 Order by executing the parties' joint affidavit in support of the motion and because Wife had already received several years of payments from the plan under the 2014 Order.[5] This appeal follows.

## Standard of Review

"We review the denial of a motion brought pursuant to Rule 74.06(b) to determine if the trial court abused its discretion." *Kissee v. E-Z Pawn, LLC*, 290 S.W.3d 748, 750 (Mo. App. S.D. 2009) (*citing Lambert v. Holbert*, 172 S.W.3d 894, 895 (Mo. App. S.D. 2005). Trial courts have broad discretion when deciding whether to grant a motion to set aside a final judgment. *Estep v. Atkinson*, 886 S.W.2d 668, 675 (Mo. App. S.D. 1994). A court abuses its discretion when its judgment or order is against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration. *Id.*

---

[3] A QDRO "creates or recognizes the existence of an alternate payee's right to receive all or a portion of the benefits payable with respect to a participant under a pension plan." *Joyner v. Joyner*, 460 S.W.3d 467, 471 (Mo. App. W.D. 2015).

[4] Husband did not specifically cite to Rule 74.06(b) in his motion to set aside the 2014 Order or his brief. However, based on the language used in the motion, we conclude that Husband was challenging the Order as void pursuant to that rule.

[5] The 2014 Order with the corresponding QDRO was designated a final, appealable judgment on January 21, 2022.

3

**Discussion**

In his sole point on appeal, Husband asserts that the trial court misapplied the law in its judgment denying his motion to set aside the 2014 Order and corresponding QDRO because (1) the original marital settlement and separation agreement was an enforceable, non-modifiable contract; (2) Wife's motion for order nunc pro tunc failed to specify the clerical error needing correction; and (3) the court did not have jurisdiction to amend the 2013 final judgment via an order nunc pro tunc.

We agree that the 2014 Order was invalid under Rule 74.06(a) because the trial court improperly modified a final judgment distributing marital property instead of simply correcting a clerical error in the judgment.[6] Nevertheless, we have no choice but to affirm the trial court's decision to deny Husband's motion to set aside the 2014 Order because Husband waited over six years to file his motion, which is not "within a reasonable time" as required by Rule 74.06(c). Therefore, the trial court did not abuse its discretion in denying Husband's motion to set aside the 2014 Order.

Rule 74.06(b) allows a party to seek relief from a final judgment or order due to excusable neglect, fraud, irregular judgments, void judgments, or satisfied judgments. Rule 74.06(c) further provides that "[t]he motion shall be made within a reasonable time . . . after the judgment or order was entered."[7] Although the rule does not specify what "reasonable time"

---

[6] Nunc pro tunc orders may not be employed to alter or amend rendered judgments. *Evans v. Director of Revenue, State of Mo.*, 119 S.W.3d 671, 674 (Mo. App. S.D. 2013). Moreover, "[t]he court's order as it affects distribution of marital property shall be a final order not subject to modification . . . ." Section 452.330.5.

[7] We note that judgments that are void from their inception are not subject to the reasonable time requirement of Rule 74.06(c). *State ex rel. Houston v. Malen*, 864 S.W.2d 427, 430 (Mo. App. S.D. 1993). A judgment is void under Rule 74.06(b)(4) only if the court lacks personal jurisdiction, subject matter jurisdiction, or acts without due process. *Goins v. Goins*, 406 S.W.3d 886, 891-92 (Mo.banc 2013). Here, the trial court did not lack subject matter jurisdiction; rather,

4

means in this context, "a wait of more than two years to bring a motion under Rule 74.06 has been found by our Supreme Court to be unreasonable." *Kissee*, 290 S.W.3d at 750 (*citing C.J.G. v. Missouri Dept. of Social Services*, 219 S.W.3d 244, 249 (Mo.banc 2007)).

Based on the foregoing principles, we find that Husband's six-year delay was unreasonable. In *C.J.G.*, Father attacked the judgment as void under Rule 74.06 due to the lack of personal jurisdiction claiming that he had not received a summons and notice of hearing. 219 S.W.3d at 247. The Supreme Court approved the trial court's order denying Father's motion in large part because Father participated in hearings without raising any objection to jurisdiction and only moved to set aside the judgment two years after participating in the case. *Id.* at 248. The Court held, "By waiting over two years before moving under Rule 74.06 to set aside the trial court's . . . finding of jurisdiction and order of disposition, the father failed to bring his motion within a reasonable time after he became subject to the court's authority by waiving his claim of lack of personal jurisdiction." *Id.* at 249.

We are guided here by the Supreme Court's decision in *C.J.G.,* since Husband waited over *six* years to file his motion after fully consenting to the 2014 Order by executing the parties' joint affidavit that Wife receive the entire pension.

In *Kissee*, the appellants waited almost two and a half years to seek relief from a judgment. 290 S.W.3d at 750. The court found that the motion was not filed within a reasonable time, especially since the record offered no indication why it was not filed sooner. *Id.* Likewise, Husband here offered no excuse for the delay particularly given his full awareness of the 2014

---

it had the authority to hear Wife's motion for an order nunc pro tunc but, as we have found here, erroneously granted the motion. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo.banc 2009). "A judgment is not void or invalid merely because it is erroneous." *State ex rel. Franklin v. Burlison*, 469 S.W.3d 498, 500 (Mo. App. E.D. 2015).

Order's entry and Wife's ongoing receipt of payments from his pension plan. *See also Brackett v. Laney*, 920 S.W.2d 597, 599 (Mo. App. E.D. 1996) ("[A]s defendant has offered no reason to account for his extreme delay in responding to the judgment, we find defendant did not file his motion to set aside the judgment within a reasonable time as required by Rule 74.06(c)).

Given the foregoing circumstances in which Husband offered no excuse for his lengthy delay in seeking relief from an order he had fully supported and participated in, we cannot convict the trial court of abusing its discretion in denying Husband's motion.

## Conclusion

For the foregoing reasons, we affirm the trial court's denial of Husband's motion to set aside the 2014 Order.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.